# Oliver's Estate.

*Taxation—Inheritance tax—Gifts made in contemplation of death—Act of June 20, 1919, P. L. 521.*

1. The Act of June 20, 1919, P. L. 521, relating to inheritance taxes, does not apply to gifts which were fully executed before its passage.

2. While the act enlarges the class of gifts which are taxable, so as to include those made in contemplation of death, it does not change the source of payment or otherwise alter the character of the tax as a succession tax.

3. Under the act, as theretofore, the donee must pay this character of tax, as a condition precedent to receiving the gift, unless it has actually been paid by some other person or from some other source.

Argued February 15, 1922.  Appeal, No. 212, Oct. T., 1921, by Commonwealth, from decree of O. C. Allegheny Co., June T., 1920, No. 805½, sustaining appeal from assessment of direct inheritance tax, in estate of Edith Anne Oliver.  Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Appeal from assessment of direct inheritance tax. Before TRIMBLE, J.

The opinion of the Supreme Court states the facts.

Appeal sustained.  Commonwealth appealed.

*Error assigned* was, inter alia, decree, quoting it.

*David A. Reed,* with him *George E. Alter,* Attorney General, *Bernard D. Booker* and *W. L. G. Gibson,* for appellant.—The gift is taxable under the Act of 1919.

The tax is not on the subject-matter of the gift, nor on the donee: Jackson v. Meyers, 257 Pa. 105; Magoun v. Bank, 170 U. S. 288.

Gifts in contemplation of death are testamentary in character and it is therefore competent for the legislature to provide that the amount of such gifts must be included in computing amount of tax on estate of the deceased donor: Maxwell v. Bugbee, 250 U. S. 525; Magoun v. Bank, 170 U. S. 283; Carpenter v. Penna., 58 U. S. 456; Cahen v. Brewster, 203 U. S. 543; Knowlton v. Moore, 178 U. S. 41.

*Henry O. Evans,* with him *George R. Hann,* for appellee.—Title to the property given passed before the passage of the act by valid fully consummated gift inter vivos: Kratz's Est., 72 Pa. Superior Ct. 232; McHale v. Toole, 258 Pa. 293; Sullivan v. Hess, 241 Pa. 407; Reese v. Trust Co., 218 Pa. 150; Yeakel v. McAtee, 156 Pa. 600.

A retroactive effect should not be given a statute unless the most unequivocal language is used which will

admit of no other construction: Murray v. Gibson, 15 How. (U. S.) 421.

OPINION BY MR. JUSTICE SIMPSON, March 20, 1922:

Edith Anne Oliver died July 28, 1919; upon the settlement of her executor's account, the Commonwealth claimed that, by virtue of the Act of June 20, 1919, P. L. 521, it was entitled to be paid an inheritance tax, not only upon the assets appearing in the account but also upon the value of certain securities which it alleges testatrix had given to appellee on December 24, 1918, "in contemplation of death," but before the legislature which passed the act had met for the first time. It was admitted that on the date when the gift was made, "all dominion, and right of possession to all that property was transferred, assigned and set over to the donee, and the decedent never collected, received or claimed any of the income" therefrom. The court below held the act to be prospective only, dismissed the claim, so far as related to the value of the securities referred to in the above admission, and the Commonwealth appeals.

The decree must be affirmed. The act provides "That a tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise......by deed, grant, bargain, sale, or gift, made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death." Neither these words, nor any other parts of the act, show an intention to impose the tax on any "transfer" which was fully accomplished prior to its passage; and hence the decree is correct, for the reason stated by the court below in its opinion, unless there is something in the statute which compels a different conclusion.

Recognizing this, the Commonwealth, in an attempted confession and avoidance, admits that the tax cannot be imposed on the donee, or on the gift, or on the right of

the donee to have and retain the gift; but avers it is a tax charged on all of the property of which testatrix died seized, and hence the distributees under her will can take nothing until after it is paid. There is at least one insuperable objection to this claim; there cannot be found in the act the slightest trace of an intention to vary from the uniform construction placed by us on this class of statutes; that is, in consideration of the Commonwealth's assent to the donee accepting and retaining the gift, the tax chargeable on the "transfer" must first be deducted, so that "that which the legatee gets and keeps is the aggregate sum [given], less the amount of the tax" (Finnen's Est., 196 Pa. 72, 74); unless, indeed, the donor provides some other source out of which, in relief of his donee, he directs it to be paid. By the Act of 1919, the legislature has enlarged the class of taxable gifts to include those "made in contemplation of death"; but it has not changed the source of payment, or otherwise altered its character as a succession tax. Instead of there being anything in the act showing an intention of changing the settled policy of the Commonwealth in regard to this class of tax, the purpose to continue it clearly appears by section 16 (P. L. 1919, page 525) which specifies that the percentage charged on each gift, and that only, shall be deducted prior to the payment to each distributee, and by section 39 (page 531) which provides that "The lien of all taxes imposed by this act......shall be limited to the property chargeable therewith," the word property being defined by section 45 (page 532) to mean "the interest of the testator, intestate, grantor, bargainer or vendor, passing or transferred to the individual or specific legatee, devisee, heir, next of kin, grantee, donee or vendee."

The decree of the court below is affirmed and the appeal is dismissed at the costs of appellant.