# Kirkpatrick's Estate.

*Taxation—Transfer inheritance tax—Nature of tax—Deduction of federal inheritance tax—Act of June 20, 1919, P. L. 521—Uniformity.*

1. The inheritance transfer tax of June 20, 1919, P. L. 521, does not impose a tax on property, but requires payment from the estate of a decedent for the right of succession or the privilege of receiving at death the property possessed by decedent.

2. In computing a transfer inheritance tax under the Act of June 20, 1919, on the estate of a Pennsylvania decedent, the sum paid to the federal government as an estate tax cannot be deducted, inasmuch as the legislature intended this tax should be based on the clear value of the estate before deducting the federal tax.

3. The requirement that the federal tax shall not be deducted from the value of the estate in determining the state tax, does not involve lack of uniformity, for all estates are classed exactly alike.

4. The Act of June 20, 1919, is not to be declared unworkable, because there is no provision as to how the charge may be worked out among the several legatees, distributees and residuary claimants.

5. The right of the state to create a right to inherit, and the right to demand an excise for such right of inheritance, cannot be legislated out of existence or interfered with simply because the federal government sees fit to levy a graduated tax on the same subject of taxation—a state-created right.

6. The subject of the tax imposed by the Act of June 20, 1919, is not a matter of concurrent legislation, and may be taken away by the State, leaving the federal government without this subject to tax.

Mr. Justice FRAZER dissented.

Argued May 22, 1922.   Appeal, No. 107, Oct. T., 1922, by Commonwealth, from decree of O. C. Allegheny Co., Dec. T., 1921, No. 87, dismissing exceptions to adjudication in estate of Flora J. Kirkpatrick, deceased.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Exceptions to adjudication.   Before MILLER, P. J.
The opinion of the Supreme Court states the facts.

Exceptions dimissed.   Commonwealth appealed.

*Error assigned,* inter alia, was decree, quoting it.

*George Ross Hull,* Deputy Attorney General, and *John O. Wicks,* with them *George E. Alter,* Attorney General, for appellant.—The tax imposed by the Act of June 20, 1919, P. L. 521, is not a tax on property: Magoun v. Bank, 170 U. S. 283; Strode v. Com., 52 Pa. 181; Finnen's Est., 196 Pa. 72; Packer's Est., 23 Pa. Dist. R. 269; Jackson v. Myers, 257 Pa. 104.

All inheritance taxes are taxes on the succession or transmission of property: In re Weeks, 169 Wis. 316; Gihon's Case, 169 N. Y. 443; In re Bierstadt, 178 App. Div. (N. Y.) 836; Hazard v. Bliss, 113 Atl. 469; Sanford's Est., 175 N. W. 506.

Where the act under construction bases the tax on the value of the property received by the distributee there is no intimation by the courts that the legislature could not base the tax on the value of the estate before the federal tax is deducted: Hooper v. Shaw, 175 Mass. 190; Knight's Est., 261 Pa. 537; United States v. Fox, 94 U. S. 315.

*W. F.* and *R. B. Petty, Jr.,* for appellees.—The refusal to allow the deduction creates a wilful and studied lack of uniformity: Com. v. Coal Co., 164 Pa. 284; Com. v. Electric Light Co., 145 Pa. 147; Com. v. Coal Co., 251 Pa. 134; Del., L. & W. R. R. Co.'s Tax Assessment, 224 Pa. 240.

The tax is a tax on property: Bittinger's Est., 129 Pa. 338; Vanuxem's Est., 212 Pa. 315; Cope's Est., 191 Pa. 1; Handley's Est., 181 Pa. 339; Lines's Est., 155 Pa. 378; Howell's Est., 147 Pa. 164; Orcutt's App., 97 Pa. 179; Kansas City, etc., Ry. v. Botkin, 240 U. S. 227.

Assuming then that our transfer tax is a tax on property, it can be imposed only upon the property that comes within the jurisdiction of the State: Bittinger's

Est., 129 Pa. 338; Shoenberger's Est., 221 Pa. 112; Cope's Est., 191 Pa. 1; Com. v. Coleman, 52 Pa. 468; Com. v. Standard Oil Co., 101 Pa. 119; Union Refrigerator Transit Co. v. Kentucky, 199 U. S. 194; International Paper Co. v. Massachusetts, 246 U. S. 145.

*David A. Reed,* with him *Maynard Teall,* amici curiæ, on behalf of the Commonwealth.

*George B. Gordon,* amicus curiæ, on behalf of appellee.

OPINION BY MR. JUSTICE KEPHART, June 24, 1922:

Flora Kirkpatrick died in 1920, domiciled in Pennsylvania. Her estate was subject to the transfer inheritance tax at the two per cent rate under section 2 of the Act of June 20, 1919, P. L. 521. Her real and personal estate was appraised at $1,125,948.58. A deduction of $29,711,47 was allowed for debts and administration expenses. The tax demanded by the Commonwealth amounted to $21,924.74. Appellees agreed to a direct tax of $20,800.49, but disputed the balance, $1,124.25. This latter figure represents the amount that would be chargeable at 2% against $56,212.41 paid to the federal government as an estate tax. The auditing judge deducted this sum from the gross estate and disallowed the Commonwealth's claim as presented. The exceptions filed to the decree were dismissed by the court in banc.

This is the question before us: In computing a transfer inheritance tax on the estate of a Pennsylvania decedent, should there be deducted the sum paid to the federal government as an estate tax, or did the legislature intend this tax should be based on the clear value of the estate before deducting the federal estate tax? If we assume, for it is not necessary to decide at this time, that prior decisions under the Act of 1887 held that a tax was imposed on property passing, or on property, it is clear the Act of 1919 did not impose a tax on property,

but requires payment to be made from the estate of a decedent for the right of succession or the privilege of receiving at death the property possessed by a decedent. This right or privilege is purely a creature of statutory law. It did not exist at common law, and individuals possess no natural right to such succession; the sovereign authority that gives it may demand payment for the gift: Magoun v. Illinois Trust & Savings Bank, 170 U. S. 283, 290. "The public contribution which death-duties exact is predicated on the passing of the property as the result of death as distinguished from a tax on property disassociated from its transmission or receipt by will, or as the result of intestacy": Knowlton v. Moore, 178 U. S. 41, 47. It follows that the State has power to take the value at death without any deductions, or the value actually received by the distributee as the measure to determine this excise payment: Succession of Gheens, 88 So. 253, 254; Week's Est., 172 N. W. 732, 733; Bierstadt's Est., 178 App. Div. 836, 837; Matter of Sherman, 179 App. Div. 502 (affirmed 222 N. Y. 540); Sanford's Est., 175 N. W. 506, 511; Hazard v. Bliss, 113 Atl. 469, 484. And the courts of the states which recognize the right to make this deduction do not question the power of the state to adopt the other rule: Hooper v. Shaw, 176 Mass. 190, 191.

In legal contemplation, the estate, in any form, never vests without this exaction affixed thereto as a charge, and there is sufficient dissimilarity in the language of the two acts to sustain the conclusion that the Act of 1919 was intended as a comprehensive scheme to lodge an excise against the right of succession (Strode v. Com., 52 Pa. 181, 189; Finnen's Est., 196 Pa. 72, 74; Jackson v. Myers, 257 Pa. 104, 108); though payment of the excise demanded therefor may be borne ultimately by the estate received by such distributees, the thing that gives rise to the creation of this excise is the state law of inheritance. Therefore it makes little difference what technical arguments may be presented, based on the

various sections, or the supposed combined effect of the definitions embodied in the act; for, when the title and first section are read, the legislative intent clearly appears.

The act reads (section 2) : "All taxes imposed by this act shall be at the rate of two per centum upon the clear value of the property subject to such tax passing to or for the use of [lineals], ......and at the rate of five per centum upon the clear value of the property...... passing to or for the use of [collaterals]......In ascertaining the clear value of such estates, the only deductions to be allowed from the gross values of such estates shall be the debts of the decedent and the expenses of the administration of such estates, and no deduction whatsoever shall be allowed for or on account of any taxes paid on such estate to the government of the United States or to any other state or territory" : Act of June 20, 1919, P. L. 521. This is plain and unambiguous language, holding that the federal tax should not be deducted in determining the amount of the inheritance tax, and, since there is no constitutional provision forbidding this, we must enforce it as written. This record does not call upon us to decide who, as between the distributees, must bear this additional burden on his or her inheritance.

While value is made the measure on which the amount to be paid is fixed, decisions of other jurisdictions on this question are only helpful in aiding us to interpret our statute when those of other states are similar. A uniform standard of valuation does not exist in all states. Some fix the value of the property received by the legatee or distributee as the base, while others permit certain deductions. In places where the only deductions permitted are debts and administration costs, the courts are in agreement the federal estate tax should not be deducted.

It is urged, however, there can be no clear value for a money legacy upon which section 2 may operate, as

there is no federal tax, administration expenses or debts deducted from a cash legacy, assuming the testator left the question of payment of tax to the ordinary course of the law. Distributees have only such claims on an estate as the law gives them, and the testator has only such right to give as the law confers; both are subject to the law of the land. The state has the right to declare that, on the death of any of its citizens, an excise of 2 per cent of the estate, valued as of the time of death, belongs to her as a price for succession of the remainder, regardless of the effect on legatees. If it is claimed the same enactment does not provide how this charge may be worked out among the several legatees, distributees, including residuary claimants, the act, in its main feature, is not to be declared unworkable for this reason. But, when the question is properly before us, due consideration will be given these features, when clear value of a money legacy may be important.

Inasmuch as the only right to inherit grows out of statutory provisions, and there is no limitation upon the legislative power except uniformity, required by article IX of the Constitution, it is clear the legislature may use any uniform tax it chooses. It therefore had the right to refuse to allow the federal income tax to be deducted from the gross value of the estate in determining the total inheritance excise charge, and this is of course uniformity, for it classed all estates exactly alike.

Further, on the constitutionality arising from the fact that a graduated estate tax of the federal government is worked into the transfer inheritance of Pennsylvania, causing, it is urged, a lack of uniformity, we refer again to the power of the State to create a right to inherit, and the excise demanded for this right under the laws of this State is undoubtedly uniform. It cannot be legislated out of existence or interfered with simply because the United States sees fit to levy a graduated tax on the same subject of taxation,—a state-created right. The

State has an undoubted right to refuse to acknowledge this claim as a proper deduction when settling and dividing the inheritance with its citizens. Our law does not offend our Constitution, and the subsequent exercise by the federal government of its right to impose by legislation a similar tax, does not cause it to so offend. The subject of the tax is not a matter of concurrent legislation, and may be taken away by the State, leaving the United States without this subject to tax. The federal tax is executed through its own taxing power, and the Pennsylvania transfer inheritance tax is a condition imposed on the state-granted privilege,— the transfer of property: Knowlton v. Moore, supra. We do not attempt to tax money taken by or in the hands of the United States, even if we admit that it has been so taken by the United States at the moment of death. It was in Pennsylvania at the moment of death, when our inheritance and tax laws attached, and may be included in the sum upon which the state transfer tax is computed: Strode v. Com., 52 Pa. 181; Plumber v. Coler, 178 U. S. 115; United States v. Perkins, 163 U. S. 625; Hazard v. Bliss, 113 Atl. 469, 477.

For the reasons given above the court below was in error in permitting the deduction of the federal estate tax to be made.

The decree of the court below is reversed, and it is directed that the record be remitted for an adjudication conforming to the views expressed in this opinion.

Mr. Justice FRAZER, dissented.