## Wieland's Estate.

*Inheritance transfer tax — Liability of fund held in trust created before passage of Act of June 20, 1919.*

Under section 1, clause (c), of the Inheritance Transfer Tax Act of June 20, 1919, P. L. 521, which imposes a tax on the transfer of any property, real or personal, or any interest therein or income therefrom in trust or otherwise by deed, etc., intended to take effect in possession or enjoyment at or after the death of the grantor, property held in trust under a deed executed before the passage of the act by the owner to the trustee for the benefit of herself during life, with remainders over, is subject to the tax upon the transfer of the fund to the remaindermen after her death.

Exceptions of William F. Campbell, Register of Wills, to the account of the Land Title and Trust Company, trustee under deed of trust. C. P. No. 3, Phila. Co., Sept. T., 1922, No. 2341.

*Charles S. Schofield,* for exceptant.

*Saul, Ewing, Remick & Saul,* for accountants.

McMICHAEL, P. J., Nov. 3, 1922.—The facts of the case are as follows:

Under date of Dec. 10, 1889, David C. Lennox and Clementina Lennox, his wife, executed and delivered a certain deed of trust (a copy of which is attached to accountant's petition for distribution), wherein and whereby they did assign and convey the property therein mentioned unto the said Land Title and Trust Company, in trust to pay over the net income therefrom to the said Clementina Lennox for life.

"Upon her written receipt or order for her maintenance and support, but so that neither the principal nor the income of the said trust estate shall be liable in the hands of the said trustee to anticipation by her nor to the debts, liabilities, contracts or engagements of the said Clementina Lennox or the said David C. Lennox nor be subject to attachments execution or other legal process whatsoever. And upon the death of the said Clementina Lennox, to pay, assign and transfer the principal of the said trust fund or the securities in which the same be invested to and among the child or children or issue of deceased children of the said Clementina Lennox living at the time of her death in equal shares, such issue of deceased children to take by representation the share their parent would have taken if living."

The said Clementina Lennox was subsequently divorced from the said David C. Lennox and intermarried with one Charles F. Wieland, from whom she was also afterward divorced.

Said Clementina Wieland (formerly Lennox) died Sept. 28, 1922, leaving one child to survive her, a son, Stewart C. Lennox, who is her sole heir and beneficiary under said trust, there being no issue of deceased children.

The said trust being now terminated by the death of said Clementina Wieland, the trustee is directed "to pay, assign and transfer the principal" of said trust (the subject of the accounting) . . . to . . . the child . . . of said Clementina Lennox living at the time of her death, . . . to wit, the said Stewart C. Lennox.

The Commonwealth claims transfer inheritance tax thereon at 2 per cent. under clause *(c),* section 1, of the Act of June 20, 1919, P. L. 521.

It is argued on behalf of the remainderman that the Commonwealth of Pennsylvania is not entitled to a transfer inheritance tax, because transfer of the securities which are the *corpus* of the trust estate was made before the passage of the Act of June 20, 1919, P. L. 521, and our attention has been

called to the opinion of the Supreme Court of Pennsylvania in Oliver's Estate, 273 Pa. 400, which case it is claimed by counsel for the remainderman rules the case at bar. In that case Mr. Justice Simpson, delivering the opinion of the Supreme Court, March 26, 1922, in the opening sentences of his opinion says: "Edith Anne Oliver died July 28, 1919; upon the settlement of her executor's account, the Commonwealth claimed that, by virtue of the Act of June 20, 1919, P. L. 521, it was entitled to be paid an inheritance tax, not only upon the assets appearing in the account, but also upon the value of certain securities which it alleges testatrix had given to appellee on Dec. 24, 1918, 'in contemplation of death,' but before the legislature which passed the act had met for the first time. It was admitted that on the date when the gift was made, 'all dominion and right of possession to all that property was transferred, assigned and set over to the donee, and the decedent never collected, received or claimed any of the income' therefrom."

This concise statement of the facts by Mr. Justice Simpson shows the difference between the case at bar and Oliver's Estate. In Oliver's Estate the securities had been handed over to the donee by the donor before the passage of the Act of June 20, 1919, P. L. 521. In the case at bar the securities which constitute the *corpus* of the estate had been handed over to the trustee before the Act of June 20, 1919, P. L. 521, but the enjoyment of the estate remained in the settlor, and the securities still remained, and the stocks and bonds, which in common parlance are called securities, must now be transferred to the remainderman. The fact that the securities were placed in the hands of a trustee before the passage of the Act of June 20, 1919, P. L. 521, of course, negatives the view that there was any fraud intended upon the Commonwealth, but it does not determine the question whether the eventual transfer of the securities is subject to the transfer tax imposed by the Act of June 20, 1919.

To the mind of the writer of this opinion, it is not a question whether the act is retroactive, but what was the intention of the framers of the act. I think that the intention was to subject all estates in which transfer is necessary, to the transfer tax.

The Pennsylvania Act of June 20, 1919, P. L. 521, is a copy of the New Jersey Act, chapter 151, of 1914, and section 1, clause *(c)*, of the Act of 1919, is the identical language of section 1, paragraph "3," of the said New Jersey Act of 1914. This paragraph "3" has been construed by the Court of Appeals of New Jersey in Carter *v.* Bugbee, 91 N. J. L. 438 (decided April 25, 1918).

"Carter executed a deed of trust in 1911, conveying personal property in New Jersey in trust for the payment of the income to him for life, and at his death the *corpus*, in designated portions, to his children and grandchildren, who were not to have possession or enjoyment before C's death. In 1914 the State of New Jersey passed an act (chapter 151) imposing a transfer tax on property passing to lineal descendants; C died in 1917. In appeal from the imposition of the tax, it was held that the gift to lineals was subject to the tax as a gift intended to take effect in possession or enjoyment upon the death of the donor, and that the transfer contemplated by the statute and made subject to the tax did not take effect when the deed was executed, but, on the contrary, did not take effect until the death of the donor."

Our attention has been called to the decisions of the Orphans' Court of our county, which court appears to have taken a different view of the liability of a trust estate in which the trust began before the passage of the Act of 1919. We have very great respect for the opinions of the Orphans' Court upon this question, which, as one of the judges of the Orphans' Court says, is not with-

2 D. & C.

out difficulty; but, having reached a conclusion for ourselves, we have thought it our duty to state our opinion.

We think that section 1, clause *(c)*, of the Act of 1919, which provides, "That a tax shall be and is hereby imposed upon the transfer of any property, real or personal, or of any interest therein, or income therefrom, in trust or otherwise, to persons or corporations in the following cases: . . . *(c)* . . . by deed, grant, bargain, sale or gift, . . . intended to take ·effect in possession or enjoyment at or after the death of the grantor, vendor or donor," imposes a tax upon property, real or personal, held by a trustee, even where the trust began before the Act of June 20, 1919, P. L. 521, where a transfer to the remainderman is required after the death of the settlor.