KATHARINE N. WURTS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELLA B. DU BARRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ELIZABETH N. BROCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOHN W. BROCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8106, 8107, 8108, 8109.   Promulgated April 29, 1927.

Transfer taxes assessed under the laws of Pennsylvania against the estate of a decedent, which were paid by the executor and by him deducted from the shares of certain beneficiaries of the estate, are not deductible by the beneficiaries under the provisions of section 214(a)(3) of the Revenue Act of 1921.

*John W. Brock, Jr., Esq.*, for the petitioners.
*J. Harry Byrne, Esq.*, for the respondent.

These proceedings were, by motion made and granted, consolidated. They involve deficiencies for the year 1922. In the appeal

of Katharine N. Wurts the deficiency is $1,073.81; in that of Ella B. Du Barry $262.76; in that of Elizabeth N. Brock, $255.11, and in that of John W. Brock, $5,229.06. Each deficiency arises from the fact that the respondent refused to permit the petitioners to take as deductions from gross income certain transfer taxes paid to the Commonwealth of Pennsylvania by the executor of Richard S. Brock, deceased, and deducted by the executor from the shares of the petitioners in the estate.

### FINDINGS OF FACT.

Ella B. Du Barry is a resident of California. The remaining three petitioners are residents of Pennsylvania. Richard S. Brock died testate, a resident of the County of Philadelphia, Commonwealth of Pennsylvania, on January 30, 1922. By his will, which was duly probated in Philadelphia County, Pennsylvania, he appointed John W. Brock executor. The nominated executor was granted letters testamentary. The twelfth, fourteenth, and fifteenth clauses of decedent's will read:

TWELFTH. All the rest residue and remainder of my estate I give devise and bequeath as follows:

A. I direct my executor to divide the securities and cash including the amounts realized from the sale of any real estate or personal property according to his best judgment into nine (9) equal parts and to pay over and deliver the same as follows:

To FANNY BROCK MONTGOMERY, SARAH COLEMAN BROCK, ELLA BROCK DU-BARRY and ELIZABETH NORRIS BLOCK children of my deceased nephew Arthur Brock, each one-fourth of one-ninth; to my niece JULIA W. H. JOHNSON one-ninth; to my nephew JOHN W. BROCK three and a half ninths; and to CATHERINE [sic] NEWBOLD WURTS niece of my deceased wife three and a half ninths.

B. If any of the distributees of my residuary estate above-named shall have died before my death leaving children, them surviving such children shall take such share as the parent so dying would have taken if living at the time of my death. If any of the distributees shall have died before me, leaving no child or children surviving such distributee, the share or interest which such distributee would have taken if living at the time of my death shall be divided among the other distributees according to their several respective proportions above set forth.

C. My executor may make distribution of principal and income of my residuary estate from time to time without awaiting final reduction into cash and such distribution may be made of securities according to the valuation and appraisement thereof for taxation or part cash and part securities and such division and payment shall have the same effect as though the whole of said securities were sold and the division or payment calculated or based upon the results of such sales and shall be final and conclusive upon the parties entitled to receive such legacies or shares.

FOURTEENTH. I give to my executor the power to sell from time to time and at such prices as he may deem proper any and all property real or personal not specifically devised or bequeathed at public or private sale for cash or upon credit and without liability upon the part of the purchaser to see

to the application of the purchase money and when from time to time such real estate may be sold it shall be deemed free from any trusts in this will contained.

FIFTEENTH. All legacies and bequests by me herein made are to be delivered or paid to the recipient free from any tax or taxes collateral inheritance or otherwise. All such taxes are to be paid from my estate and it is my will that all and every gift or gifts to or selection by any one named in the list or memorandum of instructions as to personal effects mentioned in paragraph Second of this will shall be free from every tax whatsoever as if given by me during my lifetime and I do not desire that any such articles be included in any inventory of my estate.

It was stipulated and we so find that the executor of Richard S. Brock deducted the Pennsylvania transfer inheritance taxes before he paid the legacies in the year 1922. The legacies referred to are those of the four petitioners. It is further stipulated that the petitioners showed in their income-tax returns for the year 1922 the following deductions on account of these taxes:

| Deducted by: | Amount. |
| --- | --- |
| Katharine N. Wurts | $44, 056. 25 |
| Ella B. DuBarry | 3, 146. 87 |
| Elizabeth N. Brock | 3, 146. 87 |
| John W. Brock | 44, 056. 25 |

The taxes so deducted by each petitioner had been paid during the year 1922 by the executor to the Commonwealth of Pennsylvania.

OPINION.

MILLIKEN: The sole issue in this case is whether the respondent erred in refusing each petitioner the right to deduct from his gross income the amount of Pennsylvania transfer taxes which had been paid during the taxable year by the executor of Richard S. Brock and deducted by him during that year from the share of each petitioner before payment of transfer.

Section 214 (a) (3) of the Revenue Act of 1921, with certain exceptions not pertinent to this proceeding, permits an individual for the purpose of ascertaining his net income to deduct from his gross income " taxes paid or accrued during the taxable year."

Section 219 provides:

(a) That the tax imposed by sections 210 and 211 shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income received by estates of deceased persons during the period of administration or settlement of the estate.

Subdivision (b) of this section in effect provides, with exceptions not material here, that the net income of an estate shall be computed in the same manner as that of an individual. So the question narrows down to whether the transfer taxes paid by the executor of Richard S. Brock are deductible by him from the gross income of

the estate or are deductible by the petitioners from whose shares such taxes were deducted by the executor before payment or transfer. This turns on the nature of the Pennsylvania tax and this in turn depends on the construction placed upon the Pennsylvania transfer tax law by the Supreme Court of Pennsylvania. Cf. *Keith* v. *Johnson*, 271 U. S. 1. The petitioners refer to certain excerpts from the opinions of the Supreme Court of Pennsylvania in *In re Oliver's Estate*, 273 Pa. 400; 117 Atl. 81; *In re Kirkpatrick's Estate*, 275 Pa. 271; 119 Atl. 269; and *Shugars* v. *Chamberlain Amusement Enterprises*, 284 Pa. 200; 130 Atl. 426, which, without a careful reading, would indicate that the Pennsylvania transfer tax is a tax not upon the estate as a whole but is a tax upon the share of each individual beneficiary.

In *In re Frick's Estate*, 277 Pa. 242; 121 Atl. 35, the Supreme Court of Pennsylvania had occasion to pass upon the nature of this tax. After quoting a portion of section 2 and section 10 of the Pennsylvania transfer tax act of June 20, 1919, P. L. 521, sections which were in effect at the date of the death of Richard S. Brock, the court said:

> It is clear from these sections that the tax is to be levied upon "the clear value" of the entire estate (from which has been excluded, however, real estate located outside of Pennsylvania), after deducting only "the debts of the decedent and the expenses of the administration" of such estates. The appraisement to be made is not of the legacies or devises, but of the whole estate of a decedent; the debts and expenses of administration are not to be deducted from any particular gift or gifts, but from the whole estate, and the taxes paid to the United States or to any other state or territory, if permitted to be deducted, would be from the whole estate. We therefore conclude that it is the entire value of the estate, less the credits specified, which forms the basis of the tax, and not the amounts received by the particular legatees. Hence, as stated in *Knowlton* v. *Moore*, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969, that which the state "taxes is not the interest to which some [or many a] person succeeds on a death, but the interest which ceased by reason of the death." Since this is the true construction of the act, much of the argument made by these appellants, founded as it is upon the contention that the tax is levied only upon the particular gifts, when and as received, becomes ineffective because it has no relation to the actual status.

> Basing their elaborate argument largely on their erroneous construction of the act as last stated, the executors and residuary legatees who appeal ask us to ignore the clear and unambiguous language of section 2, above quoted, and to decide that the court below erred in "ascertaining the clear value" of the estate, because it did not deduct from its "gross value" (a) the amount paid the government for the federal estate tax; (b) the amounts paid other states and the Province of Quebec for their inheritance taxes on decedent's real and personal property there located; and (c) the inheritance tax payable to this state. *Kirkpatrick's Estate*, 275 Pa. 271, 119 Atl. 269, is an express authority against the first of these claims; in principle it also decides the others adversely to these appellants. In deference to the able arguments made, however, the supposedly new points presented will be briefly considered aside from that decision.

In support of their contention upon these points, they urge that refusal to allow these items to be deducted "adds the federal tax, the tax paid to the other states," and that paid to this state, to the total valuation to which the tax rate is applied. This is erroneous, however; it simply refuses to allow these sums to be deducted from the "gross value of such estates" "in ascertaining the clear value" thereof, exactly as does the federal estate tax act (U. S. Comp. St. §6336–½a et seq.; *New York Trust Co.* v. *Eisner*, 256 U. S. 345, 349, 350, 41 Sup. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660), and many of the inheritance tax laws of other states. No valid reason is given why this may not be done. On the contrary, as stated in the last cited case, where "the tax attaches to the estate before distribution—if it is a tax on the right to transmit, or on the transmission at its beginning—obviously it attaches to the whole estate except so far as the statute sets a limit."

Recognizing that their contention now being considered is in direct antagonism to the express language of the statute, these appellants in effect ask us to ignore this language, and from isolated phrases and words in the statute to reach an opposite conclusion, partially because of general expressions found in our opinions in *Oliver's Estate*, 273 Pa. 400, 117 Atl. 81, and *Kirkpatrick's Estate*, 275 Pa. 271, 119 Atl. 269—though this question was not directly raised in either of them—apparently forgetting the basic rule that—

"It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision. The reason of this maxim is obvious. The question actually before the court is investigated with care, and considered in its full extent. Other principles which may serve to illustrate it, are considered in their relation to the case decided, but their possible bearing on all other cases is seldom completely investigated." *Cohens* v. *Virginia*, 6 Wheat. 264, 397 (5 L. Ed. 257), per Marshall, C. J. *O'Malley* v. *O'Malley*, 272 Pa. 536, 116 Atl. 500.

The same observations made by the Supreme Court of Pennsylvania relative to its opinions in *Oliver's Estate* and *Kirkpatrick's Estate* apply equally to the excerpts made by the petitioners from the opinion in the *Shugars* case. The *Frick* case was taken on writ of error to the Supreme Court of the United States (*Frick* v. *Pennsylvania*, 268 U. S. 473) and was there reversed on certain points not material to this proceeding. That portion of the decision of the Supreme Court of Pennsylvania, which held constitutional the provisions of the Pennsylvania act which deny deduction from the gross estate of the decedent of estate taxes paid to the United States, was affirmed. Relative to the nature of the Pennsylvania transfer tax the court said:

While the federal tax is called an estate tax and the state tax is called a transfer tax, both are imposed as excises on the transfer of property from a decedent and both take effect at the instant of transfer. Thus both are laid on the same subject, and neither has priority in time over the other.

Again, the court said:

The objection that when no deduction is made on account of the federal tax the state tax becomes to that extent a tax on the federal tax and not a tax on

the transfer is answered by what already has been said. But by way of repetition it may be observed that what the State is taxing is the transfer of particular property, not such property depleted by the federal tax. The two taxes were concurrently imposed and stand on the same plane, save as the United States possibly might have a preferred right of enforcement if the estate were insufficient to pay both.

In *Keith* v. *Johnson, supra*, the Supreme Court had before it for application the transfer tax of the State of New York. Following the construction placed on the statute by the New York courts, the court held that an administratrix had the right under the Revenue Act of 1916 in computing the net income of the estate to deduct the transfer taxes paid to the State of New York. While following the decisions of the New York courts, the Supreme Court stated that it agreed with those courts and concluded its opinions as follows:

And we are of opinion that the transfer tax is deductible. It was primarily payable by the respondent [the administratrix] out of moneys and other property of the estate; and it was so paid by her. While this lessens the amount for distribution among the heirs, it cannot be said that they bore any part of that tax. As well might it be claimed that they paid the funeral expenses and debts, if any, of the intestate. No part of the transfer tax so paid could be taken by the heirs as a deduction in calculating their federal income taxes. It follows that the amount of the transfer tax paid in 1917 by the respondent was deductible in ascertaining the taxable income of the estate received by her in that year.

Under the above authorities it is clear that the transfer taxes paid by the executor of Richard S. Brock are not deductible by the petitioners from the gross income.

*Judgment will be entered for the respondent.*