## Butler's Estate

*Cummings & Gubins,* for executor; *Richard H. Klein,* for Commonwealth.

MORGANROTH, P. J., January 30, 1933.—This is the appeal of W. Harry Butler, executor of the estate of the above-named decedent, from an appraisement made for the purpose of fixing the collateral transfer inheritance tax, and two questions are raised in a case stated.

The decedent in her lifetime, for a consideration of $500, received from Ursinus College a security which was styled an "annuity bond", by the terms of which Ursinus College agreed to pay to the decedent during the term of her natural life an annuity or yearly sum, and it was provided that upon decedent's death the obligation should be void and the annuity cease. Subsequently and in her lifetime, for a consideration of $1,000, deceased received from Catawba College an "annuity bond" which provided that whereas the decedent had made a gift to the college in the sum of $1,000, the college, in consideration thereof, promised and agreed to pay to her an annuity during the term of her natural life.

The first question for determination is whether the appraisement was correct in including these annuity bonds as a part of the assets of decedent's estate.

It is contended on the part of the appellant that these two bonds or obligations are not subject to appraisement for the reason that, at the time of the payment to the colleges respectively, decedent entirely parted with the ownership and control of the money so paid, for which she received obligations providing for the payment to her of the annuity during her lifetime only.

In Dolan's Estate, 279 Pa. 582, 588, Mr. Justice Kephart discusses the act providing for transfer inheritance taxes and what is taxable in accordance with the provisions thereof, in these words: "We held, in Kirkpatrick's Estate, 275 Pa. 271, 273, that the right of succession or the privilege of receiving at death the property possessed by a decedent, was the thing taxed. The Act of June 20, 1919, P. L. 521, provides 'that a tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise . . . (c) when the transfer is . . . by deed, grant, bargain, sale, or gift . . . intended to take effect in possession or enjoyment at or after such death.' To escape the latter provision, a conveyance must be such as parts with possession, title and enjoyment in the grantor's lifetime: Reish v. Com., 106 Pa. 521, 526. When a transfer is made or intended to take effect either in possession or enjoyment after death, and the settlor or grantor retains a grasp of the entire estate, as long as he lives, it cannot be said possession and enjoyment in the beneficiary takes effect prior to

death; under such circumstances the Commonwealth is entitled to a tax on the transfer."

In that case assets delivered to a trustee under a deed of trust executed by Mrs. Dolan in her lifetime were held not to be taxable, for the reason that the property no longer belonged to the grantor; she had not only divested herself of the physical control of these specific things but had given complete and sufficient evidence of the transfer of all ownership. During the lifetime of Mrs. Dolan the trustee paid the income to her sons. See, also, Spangler's Estate, 281 Pa. 118; Lines's Estate, 155 Pa. 378.

In the instant case the decedent during her lifetime retained the beneficial enjoyment of the money paid to the colleges, that is, she received an annuity equal in amount to a fair return of interest on the moneys paid. The colleges, while they may have had possession of the money, had no use thereof. By reason of the fact that they were required to pay the interest thereon to the decedent as long as she lived, they had a grant intended to take effect in enjoyment at or after the decedent's death.

We distinguish Dolan's Estate, supra, and Logan's Estate, 99 Pa. Super. Ct. 432, where it was determined that no tax was due for the reason that in those cases the entire control of the property—not only the possession, but also the enjoyment thereof—had passed to the ultimate beneficiary in the lifetime of the decedent.

The second question is whether or not a promise to pay $2,500 to Franklin & Marshall College for the establishment of a scholarship is a proper deduction as a debt of decedent's estate. The obligation or pledge made in decedent's lifetime was that, in consideration of benefits received by decedent as a member of the Reformed Church of the United States, she promised to pay to Franklin & Marshall College the sum of $2,500, said sum to be due and payable within 1 year after her death, without interest, and her executor was directed to pay the sum in full out of her estate when due.

The Commonwealth contends that no appeal can be taken from the refusal to allow the deduction because it is the duty of the State appraiser for inheritance tax purposes to appraise assets and not to make estimates of liabilities of a decedent's estate. There may be some force to this contention, but inasmuch as counsel for the Commonwealth has, along with counsel for the estate, presented a case stated in which the question is directly raised, we will consider it.

Without questioning the consideration, which we believe to be good and sufficient—for the benefits received from the spiritual blessings of the church are of more value than money and things of the flesh—we doubt whether debts of this kind are within the contemplation of deductions from gross values of estates appraised for transfer inheritance taxes, as provided for in section 2 of the Act of June 20, 1919, P. L. 521. If the money had been bequeathed by will, the same purpose of the decedent would have been carried out. Such an unusual evidence of indebtedness may have been executed for the very purpose of evading the tax on the amount which the decedent, without doubt, desired the college to have upon her death. It is entirely probable that she executed the unusual note, instead of making a usual bequest in her will, with the matter of inheritance taxes in mind.

In Oliver's Estate, 273 Pa. 400, cited by the learned counsel for the estate of the decedent, it was admitted that on the date the gift was made "all dominion, and right of possession to all that property was transferred, assigned and set over to the donee, and the decedent never collected, received or claimed any of the income" therefrom.

174

In the instant case the decedent made no gift, and, as we have said, the transaction was more in the nature of a charitable bequest than an indebtedness for which a deduction could be made.

In view of the foregoing discussion, we are of opinion that the appraisement was correct in including the annuity bonds as a part of the assets of the estate, and that the pledge or evidence of indebtedness to Franklin & Marshall College is not a proper deduction as a debt of the decedent.

And now, January 30, 1933, judgment is therefore entered in favor of the Commonwealth of Pennsylvania and against W. Harry Butler, executor of the estate of Clara W. Butler, deceased.

An exception is noted and bill sealed for the said executor.

From C. M. Clement, Sunbury, Pa.