## Bernstein's Estate. No. 2

*Albert L. Moise,* for exceptants.

*A. S. Greenwood,* contra.

VAN DUSEN, J., March 27, 1936.—The question raised by these exceptions is whether there should be deducted from the legacy of $9,000 to Sophie Weiler the full sum of $900 as transfer inheritance tax, or only the amount of tax actually paid, $657.95.

The estate has increased in value since the date of testatrix's death and the appraisement of the tax. The will contains a series of bequests, and the testatrix directs, should there not be sufficient to pay all, that they be preferred in the order in which they appear. The es-

tate is not sufficient to pay all, and the amount available to pay the legacy of $9,000, after deducting inheritance tax actually paid, $657.95, is $8,307.97. If Sophie Weiler is to be charged with the amount of tax she would normally pay on her legacy, then she is entitled only to the sum of $8,100, and there would be available for the exceptant, who is the next in order of payment, the sum of $207.97.

We are of the opinion that Sophie Weiler is entitled to the benefit of the tax paid. The Pennsylvania transfer inheritance tax is not a tax on the property of a decedent, but upon the right of succession: Kirkpatrick's Estate, 275 Pa. 271; Knowles' Estate, 295 Pa. 571; it is a legacy tax, and, while the statute requires the executor as custodian of the legacy to pay the tax, it is deductible from the legacy, and the rate of tax depends upon the relationship of the legatee.

In Boekel's Estate, 16 Dist. R. 351, legatees were held entitled to the benefit of the five percent discount, the court stating that they should not be charged with more tax than was actually paid. If this legatee were charged with $900, it would be a fictitious tax, only $657.95 having been paid. As was said in Dunion's Estate, 18 D. & C. 182: "It would promote clarity if in stating accounts the payment of tax in all cases was treated as a distribution."

Striking from the account and schedule the tax paid, the amount of this legacy is $8,965.92, and in the payment to the legatee there is deductible the tax actually paid, $657.95.

In further support of the schedule as filed, it should be stated that this testatrix died on April 11, 1933, and interest begins to run on legacies from the expiration of one year. The auditing judge awarded no interest, but it may be the right of the legatee to review the adjudication and claim interest, which would more than absorb the small amount in controversy.

The exceptions are dismissed and the schedule of distribution is confirmed absolutely.