

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. C-2246
Re: Are transfers made prior to
the date of the passage of
the amendment to the Texas
Inheritance Tax Act subject
to taxation under the provi-
sions of such amendment be-
cause the deceased died sub-
sequent to the date of amend-
ment?

We are in receipt of your letter in which you re-
quest an opinion of this department on the following question
contained therein:

"Mrs. Marie Eva Dvidson died a resident
of Bexar County on or about December 24, 1959.
Prior to her death, on the 27 of April, 1938,
she made certain real estate transfers to her
two sons without adequate consideration. Said
transfers represented a material part of her
real estate holdings. In fact, all except her
home. These transfers were made prior to the
date of passing of the Amendment to Art. 7117,
(effective date, September 20, 1939), by the
Legislature, making such transfers subject to
the payment of an inheritance tax.

"The death of Mrs. Davidson occured after
the law became effective. Which date should
be used in applying the law, the date of the
transfers or the date of her death?

"If the date of the transfers governs,
these transfers are not subject to a tax, but,
if the date of death governs, then it would

Honorable George H. Sheppard, Page 2

come under the provisions of the new law and
be taxable."

Your letter clearly states the facts and question
in this case. Under the facts stated we assume that the
transfers passed full legal title to the transferees as of
the time of such transfers. The question then is whether
or not such transfers are subject to the Texas Inheritance
Tax even though made prior to the amendment to the Texas
Inheritance Tax Statute in question which allows the taxation
of such transfers. The deceased died subsequent to the
effective date of such amendment. Article 7117 of the Re-
vised Civil Statutes, as amended by House Bill 990, Section 1,
Acts of the 46th Legislature, 1939, reads as follows:

"All property within the jurisdiction
of this State, real or personal, corporate
or incorporate, and any interest therein, in-
cluding property passing under a general power
of appointment exercised by the decedent by
will, including the proceeds of life insurance
to the extent of the amount receivable by the
executor or administrator as insurance under
policies taken out by the decedent upon his
own life, and to the extent of the excess over
Forty Thousand Dollars ($40,000) of the amount
receivable by all other beneficiaries as insurance
under policies taken out by the decedent upon
his own life, whether belonging to inhabitants
of this State or to persons who are not inhabi-
tants, regardless of whether such property is
located within or without this State, which shall
pass absolutely or in trust by will or by the
laws of descent or distribution of this or any
other State, or by deed, grant, sale, or gift
made or intended to take effect in possession
or enjoyment after the death of the grantor or
donor, shall, upon passing to or for the use of
any person, corporation, or association, be
subject to a tax for the benefit of the State's
General Revenue Fund, in accordance with the
following classification. Any transfer made by
a grantor, vendor, or donor, whether by deed,
grant, sale, or gift, shall, unless shown to
the contrary, be deemed to have been made in

Honorable George H. Sheppard, Page 3

> contemplation of death and subject to the
> same tax as herein provided, if such transfer
> is made within two (2) years prior to the
> death of the grantor, vendor, or donor, of
> a material part of his estate, or if the
> transfer made within such period is in the
> nature of a final distribution of property
> and without adequate valuable consideration.
> Acts 1923, 2nd C. S., p. 63; Acts 1929, 41st
> Leg., 1st C. S., p. 109, ch. 50, § 1; Acts
> 1939, 46th Leg., H. B. #990. § 1."

Under the facts submitted the transfers in question were made within two years prior to the death of the grantor and were made without adequate valuable consideration. Prior to the amendment by the Legislature in 1939, such transfers were not taxable.

Nowhere in the wording of the amendment is there any language to evidence an intention of the Legislature that the amendment should operate retroactively so as to tax transfers that were fully consummated prior to the effective date of said amendment. While we have no Texas decisions on this question, the great weight of authority throughout the United States is to the effect that such an act imposing a tax upon transfers which fully vest title in the transferees is not retroactive unless the specific language of the statute so makes the same.

The Supreme Court of Montana in the case of State vs. District Court of 8th Judicial District in and for Chouteau County, 96 Pac. (2d) 936, decided November 29, 1939, was faced with a similar situation. The facts in that case disclose that the deceased made certain transfers by deed in 1934. In 1935 the Montana statute was amended so that instead of it providing that "every transfer by deed, grant, bargain, sale or gift made within two years prior to the death of grantor . . . and without a fair consideration in money or moneys shall unless shown to the contrary be deemed to have been made in contemplation of death," it was changed to read: "every transfer by deed . . . made within three years prior to the death of the grantor . . ." The deceased died in 1936 which was subsequent to the amendment of the statute in 1935. The court held that the two year period applied and that the law prior

Honorable George H. Sheppard, Page 4

to the amendment in 1935 was applicable to the transfers in question. The court stated as follows:

> "It is elementary that it would have been competent for the Legislature to have made this statute retroactive if it saw fit to do so."

> "There is nothing in Chapter 186 to suggest that the Legislature intended that it should apply to deeds theretofore made. It is a general rule that statutes are intended to operate prospectively only unless otherwise expressly stated or clearly and necessarily implied and the presumption is against retrospective operation."

The Supreme Court of California in the case of Hunt vs. Wicht, 162 Pac. 639, was confronted with a similar situation and in that case the transfers in question were made in 1905. The California statute was amended in 1911 so as to tax such transfers. The deceased died in 1913. The court concluded that the transfers were not taxable and stated as follows:

> "It is the vesting in interest that constitutes the succession, and the question of liability to such a tax must be determined by the law in force at that time. . . .

> "It is immaterial so far as the question we have discussed is concerned, that it is alleged that the transfer was made 'in contemplation of his death and without valuable consideration.' The estate conveyed fully vested at the time of the delivery of the deed in escrow, entirely regardless of the motives of the grantor for the conveyance, and without regard to whether the transfer was without valuable consideration, and there was then no law imposing a tax on any such transfer."

The Supreme Court of California reaffirmed this rule of law in construing a similar fact situation in the case of In Re Brix's Estate, 186 Pac. 135. The court stated as follows:

"As already stated, this transfer was made
May 26, 1913. The deed appears to have been
fully delivered and effective at the time it
bears date. The taxability of the transfer must
therefore be determined by the law in effect at
that time. Hunt v. Wicht, 174 Cal. 209, 162 Pac.
639, L. R. A., 1917C, 961; Estate of Felton, 176
Cal. 669, 169 Pac. 392. The law in force at
that time was the act of 1911. Stats. 1911,
p. 713. . . ."

The same rule of law was announced by the Supreme
Court of Louisiana in the case of Succession of Williams,
129 So. 801. The court stated as follows:

"Statutes levying taxes on donations or
transfers made in contemplation of death are
never construed as applying to transactions that
were completed before the law was enacted. It
was so decided in Shwab v. Doyle, 258 U. S. 529,
42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454,
with reference to the Act of Congress of Septem-
ber 8, 1916 (39 Stat. 777), the first estate tax
act. And it has since been held that to give
such a statute the retroactive effect of taxing
transfers made previous to the enactment of the
law would amount to confiscation and be viola-
tive of the Fourteenth Amendment of the Consti-
tution of the United States. Nichols v. Coolidge,
274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1185,
52 A. L. R. 1031; Blodgett v. Holden, 275 U. S.
144, 48 S. Ct. 105, 72 L. Ed. 206; Untermeyer v.
Anderson, 276 U. S. 439, 48 S. Ct. 353, 72 L. Ed.
645. . . ."

A similar question was decided by the Superior
Court of Delaware in the case of Brown vs. Pennsylvania
Company for Insurance on Lives and Granting Annuities,
126 Atl. 715. In that case an attempt was made to tax
certain transfers which had been made in 1916 because such
transfers were made taxable by an amendment to the Delaware
law effective March 24, 1917, and the deceased did not
die until April 27, 1917. The court concluded that the
law in effect at the time of the transfer controlled and
that such transfers were not taxable. The court stated as
follows:

"The plaintiff argues that the statute in
question was intended to be retroactive because
it contains these words: 'Any transfer . . .
within two years prior to his death without full
consideration in money or money's worth shall,
unless shown to the contrary, be deemed to have
been made in contemplation of death within the
meaning of this chapter.' Inasmuch as the law
provides that gifts made in contemplation of
death shall be subject to the tax, and further
provides that gifts made within two years prior
to the death of the donor shall be deemed to
have been made in contemplation of death, it is
insisted the gift in the present case is liable
to the tax. It is not claimed there is any
other language in the statute that indicates an
intention that it should be retroactive."

". . . The transfers, therefore, could not
be taxable unless the taxing act is retroactive,
and we have held it is not."

The same rule of law was announced by the Supreme
Court of Pennsylvania in the case of In Re Denniston's
Estate, 191 Atl. 39. The court stated as follows:

"The act of 1919 imposes a tax upon 'the
right of succession or the privilege of receiv-
ing at death the property possessed by a dece-
dent.' Dolan's Estate, 279 Pa. 582, 586, 124
A. 176, 178, 49 A. L. R. 858; Kirkpatrick's Estate,
275 Pa. 271, 273, 119 A. 269. It has been re-
peatedly held that this act only applies to
transfers occurring after its enactment and not
to those prior thereto. . . ."

The Supreme Court of Pennsylvania also consider-
ed a problem similar to that which confronts us in this case
in the case of In Re Oliver's Estate, 117 Atl. 31. In that
case the transfers in question took place in 1918. On June
20, 1919, the Pennsylvania law was amended so as to tax
such transfers. The deceased died July, 1919. The court
held that the transfers were not taxable and stated as
follows:

"The decree must be affirmed. The act provides:

"'That a tax shall be, and is hereby, imposed upon the transfer of any property, real or personal, or of any interest therein or income therefrom, in trust or otherwise . . . by deed, grant, bargain, sale, or gift, made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession of enjoyment at or after such death.'

"Neither these words, nor any other parts of the act, show an intention to impose the tax on any 'transfer' which was fully accomplished prior to its passage; and hence the decree is correct, for the reason stated by the court below in its opinion, unless there is something in the statute which compels a different conclusion."

The Court of Appeals in New York in the case of City Bank Farmers Trust Company vs. New York Central Railway Company, 170 N. E. 489, considered a similar problem. That court in an opinion written by Chief Justice Cardozo held that an inheritance tax statute was not retroactive and stated as follows:

"Whatever immunity existed when the transfer became effective, continued to exist thereafter, untouched in its integrity by anything that the Legislature could do."

The Supreme Court of Iowa in the case of Lewis vs. Brown, 166 N. E. 99, announced the same rule of law and stated as follows:

". . . In the case before us the rights of plaintiff and the Litteers with respect to this property were fixed and made irrevocable, except by mutual consent, on the date when the papers were executed and plaintiff acquired possession thereunder, and if we may assume that it was competent for the state to thereafter enact or amend a statute to impose a tax upon such transfers of

title, the retrospective character effect
of such enactment must clearly appear, and
in the absence of anything showing such in-
tent the courts will give it prospective effect
only. There is nothing in this amendment in-
dicating any legislative intent to give it
retrospective application, and it follows that
even if we were to construe it as being other-
wise applicable to such a transfer as is here
being considered, it would not govern the re-
sult of this appeal."

The same rule of law was announced by the Supreme
Court of Errors of Connecticut in the case of Blodgett vs.
Union and New Haven Trust Company, 116 Atl. 908. The court
stated the issue and concluded as follows:

"The question first to be considered in
logical sequence is whether the taxing statute
applicable to the trust fund is the act of
1913, which was in force when the deed and the
securities were delivered to the trustee or the
statute of 1915, which came into effect after
the establishment of the trust, but before the
settlor's death. . . .

"On the other hand, an irrevocable grant
of a remainder interest is a present transfer
of it to the remainderman, and, since a suc-
cession tax is a tax on the transfer, and not
on the property, the question whether any
particular transfer is or is not taxable should
logically depend on the terms of the statute
in force at the time when the transfer takes
place.

"Whether the Legislature might constitu-
tionally lay a succession tax upon a transfer
of a remainder interest which had already vested
in right before the statute was passed, is a
question which we need not discuss any further
than to observe that the intent to lay a retro-
active tax ought to be manifested by very plain
and explicit words, and that we find no expres-
sion of that intent in the act of 1915. Our
conclusion that the applicable taxing statute
is that which was in force when the irrevocable
trust deed was delivered agreed with the deci-
sions in other jurisdictions. . . ."

Honorable George H. Sheppard, Page 9

While there are some cases which tend to indicate contrary to the rule of law announced previously in this opinion, as previously stated, it is the overwhelming weight of authority that as to transfers which take place and vest title in the transferees prior to the amendment of the tax statute which taxes such transfers the same are not taxable under such amendment despite the fact that the deceased died subsequent to the amendment. We are of the opinion that this is the correct rule of law to be applied in this case and that the transfers in question are not taxable under the amendment to the Inheritance Tax Statute by the 46th Legislature in 1939.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Billy Goldberg*

Billy Goldberg
Assistant

APPROVED MAY 31, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

BG:GO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN