**WAITE et al. v. UNITED STATES.**

**SAME v. CROOKS, Collector of Internal Revenue.**

District Court, W. D. Missouri, S. W. D. November 22, 1927.

Nos. 411, 412.

McReynolds, McReynolds & Flanigan, of Carthage, Mo., for plaintiffs.

Roscoe C. Patterson, U. S. Dist. Atty., and Harry L. Thomas, Asst. U. S. Dist. Atty., both of Kansas City, Mo., for defendants.

REEVES, District Judge. The two suits here considered involve the same principle, and in effect the same subject-matter. A portion of the tax sued for was paid to Hon. George F. Crutchley, former collector of internal revenue. Mr. Crutchley is now deceased. Under the statute, the suit may be prosecuted against the United States.

Upon the death of Alfred H. Rogers, the federal inheritance tax was levied upon his estate, and payment was required. In computing such tax, the portion of the estate claimed by the widow of the decedent was included. This suit, therefore, involves a determination as to whether that part claimed by the widow should have been taxed.

The widow claimed and took a child's part in lieu of dower, which she had a right to do under the statutes of Missouri, where the estate is situated.

The Revenue Act of 1918 provides, among other things (section 401), "that * * * a tax * * * is hereby imposed upon the *transfer* of the net estate of every decedent dying after the passage of

this act." 40 Stat. 1096. In attempting to define what constituted "the net estate," the Congress provided as follows:

"Section 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * *

"(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy."

40 Stat. 1097.

Whether the foregoing congressional act would have the effect to impose the tax upon the widow's interest is the question presented for determination.

1. The tax imposed was not intended as a direct tax. New York Trust Co. v. Eisner, 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660. If it should have the effect of a direct tax, it would impinge upon article 1, §§ 2 and 9, of the Constitution, which require that "representatives and direct taxes shall be apportioned among the several states * * * according to their respective numbers," and "no capitation or other direct tax shall be laid, unless in proportion to the census or enumeration hereinbefore directed to be·taken."

2. It will be observed that the tax in question is "imposed upon the *transfer* of the net estate of every decedent." If, therefore, the interest of the widow was not *transferred* upon the death of the husband, it would not be subject to the tax. Moreover, in determining that question, this court will be controlled by the statutes and rules of decisions of the state of Missouri, where the property is located. Lederer v. Pearce (C. C. A.) 266 F. 497; Randolph· v. Craig (D. C.) 267 F. 993; Wardell v. Blum (C. C. A.) 276 F. 226.

Adverting to the decisions of Missouri: The question now before the court was answered by the Supreme Court of Missouri, in Re Rogers' Estate, 250 S. W. 576, where the same estate was involved. The court held that the wife's interest, whether dower or an "estate in lieu of dower," by election, does not pass to her by will nor by intestate laws but "it is hers, will or no will," and that "the widow's interest in her husband's estate inheres by virtue of the marriage relation. * * * It is a right which she has in her husband's property by virtue of the marriage relation, a right of which he cannot divest her."

Plaintiffs' several petitions state causes of action, and, in view of the admissions of fact in the pleadings, stipulations, and arguments of the parties, the demurrers should not only be overruled, but plaintiffs are clearly entitled to judgment in accordance with the prayers of their petitions. If it be desired by the parties, entries may be prepared accordingly.