Green, Judge,
concurring:
The contention on behalf of plaintiff concisely stated is that in Nebraska the wife is the owner in common with her husband of the property which but for her marriage would be his alone, and his death merely extinguishes his right in the portion thereof which is then set apart to her. It is therefore insisted that her distributive share is not covered by the Federal estate tax, and if it is, the tax to that extent is a direct tax, and is unconstitutional and void. In support of this claim of ownership in the wife which is repeatedly made in the argument on behalf of plaintiff, a decision of the Nebraska court is cited which is claimed to be controlling and binding upon this court.
That the Federal courts are not always bound by the construction of a State statute made by the Supreme Court of the State in which such statute was enacted would seem to follow from the decision in the case of Burk-Waggoner Oil Association v. Hopkins, 269 U. S. 110. Conceding, however, as I think we should, that a rule of property announced by a State court in construing a statute of its State must be followed by the Federal court in such a case as the one at bar, there still remains much more to be considered. It *160 is sometimes difficult to determine what the State courts have actually held, for the reason that the language of the opinion considered may not be clear, or it may appear that implications drawn from it appear to be in conflict with other decisions of the same court and the law as universally accepted in the State where the opinion is rendered. Even when a conclusion is reached as to what the State court has held, it becomes necessary to consider whether it has any application to the case which is under consideration by the Federal court.
Such is the situation with reference to the decision of the Nebraska Supreme Court in the case of the Estate of Straban, 93 Neb. 828, upon which plaintiff’s case is based and which the United States District Court for the District of Nebraska cited as an authority in the case of Munroe v. United States, 10 Fed. (2d) 230, a case which was not reviewed by the Supreme Court for the reason that counsel for the Government mistook the remedy.
The report of the Strahan case discloses a very peculiar record. The question in the case to be determined by the Nebraska court was whether the statutes of that State imposed an inheritance tax on the distributive share which the widow received out of the estate of her husband upon his death. What is sometimes referred to as.the majority opinion of the court held that her share was not subject to such a tax, reversing the lower court. Another judge dissented entirely; a third did not sit; a fourth judge (Sedgwick) concurred in the result but construed the Nebraska statute and said that, “Under this act * * * the surviving spouse ‘ succeeds ’ to the rights which the statute gives in the property that was held in the name of the decedent,” basing this statement upon the title of the act which was, “An act to provide for succession to the estates of decedents and to repeal [sections named].” If this be a correct construction of the Nebraska law, it would seem to need no argument to show that the decision does not support plaintiff’s case; although in the same opinion it is held, concurring with what is called the majority opinion, that the inheritance tax law of Nebraska does not apply to the widow’s interest. The *161 remaining judge dissented expressly from the majority •opinion in so far as it held that personal property of the estate was not subject to an inheritance tax and dissented also with the argument made in the concurring opinion that the inheritance tax should not apply to property acquired by succession. His opinion also states (referring to Nebraska statutes) :
“ The ¿inheritance tax law makes all property taxable ‘ which shall pass by will or by the intestate laws of this State.’ The succession law of 1907 is indubitably £ the intestate law of this State.’ In fact, it is now the only intestate law there is in this State, and is clearly included within the terms of the taxing statute.”
No opinion was expressed by him as to the effect of the statute on real estate other than as contained in the quotation above set forth. It is obvious that the opinion last referred to is an authority for the application of the Federal tax instead-of against it.
All that can be ascertained from the conflicting opinions in this case is that two judges concurred in holding that the Nebraska inheritance law did not apply to the widow’s distributive share. As this conclusion was reached from the application of different and inconsistent principles, I am unable to understand how it can be said that the Supreme Court of Nebraska has laid down a rule of property which must be followed in the case at bar; and if it did, I would ask from which opinion the rule is taken, and what the rule is.
An examination of the Stratum, case shows that in none of these conflicting opinions is it held that the ownership of the property distributed to the widow existed in her prior to the death of her husband. On the contrary, in both the State and Federal cases from Nebraska which are relied upon by plaintiff her right is spoken of as “ inchoate.” In other words, she had nothing but an expectancy. Some reliance has been placed on a statement in what is called the majority opinion that the “ effect of the Nebraska decedent .law ” is practically the same as that where community property prevails. This may be true so far as exemptions from State *162 inheritance tases are concerned. So also it is said in the-same opinion that the interest of the wife is similar to that of a “ silent partner.” Similar it may be in some respects,, but as the Nebraska courts have held and still hold that the-husband is not a mere agent or partner, these loose expressions ought not to be interpreted as meaning that the husband' is either an agent for, or a partner of, his wife in regard to the property which may subsequently be distributed to her by reason of his death.
In the concurring opinion by Judge Sedgwick it is also-said, “The policy of our law, as developed by legislation from time to time, has been more and more to place husband', and wife upon an equality as to their property, and to regard each as interested in the property held in the name of either.” But this is far from saying that actual ownership-existed as it does in the case where property is held in common. In fact, the same opinion says that “ Under this act the husband and wife are placed upon an exact equality as-to the rights of each in the property of the other ” (italics mine), which is equivalent to saying that property allotted' the wife was not hers, but was owned by her husband up-to his death. This construction accords with the words of' the Nebraska statute, which as recited therein applies to “ real estate of which the deceased is seized at the time of his death ” (italics mine), and also says that such property “ shall descend ” to designated beneficiaries, and provides for-the distribution of the personal property. That the husband can not deprive the wife of her interest by will is immaterial. This is true as to the dower right which the Nebraska statute abolished and which is still prevalent in-many States, and this dower like the rights conferred by the Nebraska statute, is transmitted by operation of law and not by any act of the decedent. Further on in this opinion the effect of the transfer of the husband’s property at his-death by “ operation of law ” will be considered. Enough has, I think, been presented to show that the Strahan case does not support plaintiff’s contention. A later case is cited by counsel for plaintiff as affirming the Strahan case, but an examination of the opinion therein shows that the subject.. *163 case and nothing contained in the decision has any application to the case at bar.
Counsel for plaintiff call attention to the fact that the Federal tax is upon the transfer of the net estate, and it is argued that this requires a transfer by the decedent in order that the tax may be applicable, and that as the distributive share of the widow came to her by operation of law it is not covered by the Federal tax. This argument appears to me to be based upon an entire misconception of the Federal estate tax and the principles upon which it is based, an error which runs all through the argument of plaintiff.
In considering this question it ought to be kept in mind that the Federal tax is not a tax upon the property although it is often spoken of as su,ch for the reason that the tax is paid out of the estate. In Knowlton v. Moore, 178 U. S. 41, it is said:
“ Confusion of thought may arise unless it be always remembered that, fundamentally considered, it is the power to transmit or the transmission or receipt of property by death which is the subject levied upon by all death duties.”
The court also quotes from Hanson’s Death Duties the following:
“ What it taxes is not the interest to which some person succeeds on a death, but the interest which ceased by reason of the death.”
FYirther on in the same case it is also stated that the act of 1864 added a duty on the passing of real estate, so that a system prevailed by which there was a probate duty charged upon the whole estate, a legacy duty upon legacies or distributive shares, and a succession duty charged against each interest in real property. All through this case inheritance and succession duties as to real property are treated as being on the same footing and all of the taxes referred to above are spoken of as being valid and constitutional.
Conceding for the purposes of the argument that the widow in Nebraska does not take her distributive share by virtue of inheritance but simply by operation of law, there can be no question but that the Federal law applies to the estate which she received.
*164 It is true that the a transfer of the net estate,” but there can be no claim that there was not a transfer when the widow received her share. The “ net estate ” is ascertained by taking what is included in the “ gross estate ” and then deducting certain exemptions and allowances. In fact, the words “ net estate ” used in the Federal statute have a special meaning very different from their ordinary use and are often misunderstood by those not skilled in law. It is not the net value of the estate that the decedent owned, but a sum made up by subtracting from the “ gross estate ” these exemptions and allowances. The “ gross estate ” likewise has a special meaning given it by the act and it includes any interest acquired by the surviving spouse existing “ at the time of the decedent’s death * * * by virtue of a statute creating an estate in lieu of dower or curtesy.” The statute expressly says:
“ The term ‘ net estate ’ means the net estate as determined under the provisions of section 403.”
Section 403 provides that the value of the net estate shall be determined as stated above.
While the statute imposes a tax only upon the “ transfer of the net estate” it should be observed that it does not require that the transfer should be made by the decedent. The transfer referred to is unmistakably the “ transfer or receipt of the property as the result of death.” This clearly appears from the language of the statute in specifying the items which make up the gross estate. No reference therein is made to a transfer by the decedent except in one separate paragraph applying to a particular condition.
If the rule was, as contended on behalf of plaintiff, that the Federal tax does not apply to property which was not transferred by the husband and passed by operation of law, it would lead to some very absurd results. In fact, it would be easy to avoid the Federal tax entirely by making no will, in which event all of the property would pass by “operation of law.” The part received by the children or parents in the estate of the decedent as well as that of collateral heirs would all be determined by the law of the domicile of *165 the decedent and a tax upon the estate would be futile. Such a principle carries its own refutation.
Congress in framing the estate tax had other decisions which sustained it.
In New York Trust Co. v. Eisner, 256 U. S. 345, 348, Knowlton v. Moore, supra, is affirmed and it is said, quoting in part from that case, that it “ treated the ‘ power to transmit or the transmission or receipt of property by death ’ as all standing on the same footing.” In this decision the practical and historical grounds of this tax were alluded to, doubtless for the reason that they had prevailed for more than a hundred years, and it is said that “ upon this point a page of history is worth a volume of logic.”
Surely a “ transfer ” is included in a “ transmission.” That there was a transmission of the property does not seem to me to admit of discussion. The husband’s ownership— and I think it clear that he did have an ownership of the property subsequently apportioned to his wife — ceased by death and was transmitted or transferred to his wife.
Frick v. Lewellyn, 298 Fed. 803, is cited by plaintiff’s attorneys as authority for their contention, but in my view it has no application to the case now under consideration.
In the Frick case no property of the decedent passed by reason of his death. His death merely matured a contract for the payment of money — not to his estate but to certain beneficiaries. The only connection which his death had with the matter was to fix the date at which the insurance policies in question matured and the time at which they were payable.
It seems to me clear that the Federal inheritance tax was especially intended and written to cover such cases as the one at bar and to meet and avoid the objections made to the tax in the argument on behalf of plaintiff.
There remains only the question arising upon the constitutionality of the tax with respect to its admeasurement. Here again the argument for its unconstitutionality is based upon a misconstruction of the Federal statute. In New York Trust Co. v. Eisner, supra, it is said “ For if the tax attaches *166 to the estate before distribution — if it is a tax on the right to transmit, or on the transmission at its beginning, obviously it attaches to the whole estate except so far as the statute sets a limit.” (Italics mine.) The whole estate was transferred upon the death of the husband, part of it distributed by operation of law, but what is there in this that should exclude this part from taxation or prevent its being included with the rest of the estate in admeasuring the tax? The value of all the property transferred or of any part thereof bears a reasonable relation to the admeasurement of the tax. The fact that the widow may have had some interest therein which under the Nebraska statute she was liable to lose by death or by judicial sale might be a reason for reducing the tax if Congress saw fit, but does not prevent this value from being used for the purpose of admeasuring the tax. If the tax was upon the property, the rule would be different, but it still remains an excise, not upon the property but upon its transmission, and every principle that sustains the estate tax in any respect sustains this application of it.