COLONIAL TRUST CO., EXECUTOR UNDER THE WILL OF FRANK E. CASTLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 24878.   Promulgated February 28, 1930.

*W. W. Gager, Esq.*, and *Swagar Shirley, Esq.*, for the petitioner. *Frank Horner, Esq.*, for the respondent.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

OPINION.

PHILLIPS: Two issues are presented in this proceeding: (1) Whether in determining the value of the net estate, the petitioner is entitled under the provisions of section 403 (a) (3) of the Revenue Act of 1921 to deduct from the gross estate the value of the bequests to the Waterbury Medical Association, and (2) whether, in determining the value of the residuary estate, the bequests to charitable institutions and the Waterbury Medical Association, the amount of inheritance taxes paid various States by the executor may first be deducted. We will consider the latter issue first.

The applicable provisions of the statute are found in section 403 (a) (3) of the Revenue Act of 1921 which reads:

That for the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

*　　*　　*　　*　　*　　*　　*

The amount of all bequests, legacies, * * * to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable, scientific, literary, or educational purposes.

Under the will of the decedent one-half of the residuary estate was left to admitted charities and the other half to the Waterbury Medical Association, whose character is at issue in this proceeding. The respondent reduced the value of the residuary estate bequeathed to charitable corporations by deducting therefrom the inheritance taxes paid various States by the executor, and contends that, inasmuch as the will directed that such taxes should be paid from the residuary estate, this action was proper. Such action is contrary to the decisions of the courts in *New York Trust Co.* v. *Eisner*, 256 U. S. 345; *Union and New Haven Trust Co.* v. *Eaton*, 20 Fed. (2d)

419; *Clark* v. *United States*, 27 Fed. (2d) 887, and to the decisions of the Board in *Howard K. Walter et al., Executors*, 2 B. T. A. 453, and *John A. Hadden, Jr., et al., Executors*, 10 B. T. A. 741. It is interesting and perhaps important to note that in the Revenue Act of 1924 there was a provision to accomplish the result now urged upon us by the respondent, but that this was repealed by section 323 of the Revenue Act of 1926. The deductions for charitable bequests should be computed without adjustment for state inheritance taxes.

The Commissioner held that the Waterbury Medical Association did not fall within the class of corporations enumerated in section 403 (a) (3) of the Act, quoted above, and that the taxable estate should be computed without allowing as a deduction the amount bequeathed to that Association.

In his brief respondent first urges that " statutes exempting properties from taxation must be strictly construed and the intention to grant immunity must be clear ·beyond reasonable doubt." We have had occasion to point out that the section in question does not grant an exemption from tax, but rather a deduction to be taken in computing the taxable estate. " The taxpayer here is not claiming special exemption from tax imposed upon all others, but the benefit of a factor of measurement allowed to all. And the only question is whether the circumstances are within the fair intendment of the language used to describe the deduction." *Susan Young Eagan et al., Executors*, 17 B. T. A. 694.

We are of the opinion that the Association was not " organized and operated exclusively " for the purposes set out in the statute. The testimony discloses that much of its activity was directed toward keeping its members informed of new developments and interesting cases and in this respect it may be said to have been operated for the education of its members. If its operations were confined to this sole form of activity it would still be necessary to look to the purposes for which it was organized. The statute is concerned not only with the activities actually undertaken by the corporation to which the bequest is made but to the activities which, under its constitution and by-laws, the corporation may undertake. The purposes of this Association are stated in its certificate of incorporation to be threefold: (1) To establish the practice of medicine and surgery in the city of Waterbury upon a respectable footing; (2) to devise and carry into effect measures for the mutual improvement of the members, and (3) to promote a good understanding and harmonious intercourse with each other. These purposes are not such as are made the test of the deduction. *George O. May*, 1 B. T. A. 1220. See also *Medical Society* v. *Neff*, 34 App. Div. (N. Y.) 83; 53 N. Y. S. 1077.

*Decision will be entered under Rule 50.*