**BRETZFELDER et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 5.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1936.

Charles B. Bretzfelder, of New York City (Bertram Boardman and Milton M. Davis, both of New York City, of counsel), for petitioners.

Robert H. Jackson, Asst. Atty. Gen. (Sewall Key and Ellis N. Slack, Sp. Assts. to the Atty. Gen.); for respondent.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

The petitioners are executors of the estate of Morris Weinstein, who died on June 4, 1925, leaving an estate subject to taxation under title 3 of the Revenue Act of 1924 (43 Stat. 303, § 300 et seq.). The present controversy raises three distinct issues as to the tax upon his estate.

The first is whether there may be deducted from the gross estate sums of $750 and $1,000 paid by the executors to Palestine Orphan Asylum and Jewish Maternity Hospital, respectively, in satisfaction of pledges made by the decedent which are assumed arguendo to have been legally enforceable against his estate. Section 303 (a) (1) of the applicable Revenue Act permits the deduction of "claims against the estate * * * to the extent that such claims * * * were incurred or contracted bona fide and for a fair consideration in money or money's worth." 43 Stat. 305. That a promise to give money to a hospital, though it may be legally binding, is not supported by the kind of consideration requisite to permit the debt to be deducted, was held by this court in Porter v. Commissioner, 60 F.(2d) 673. Accord, Latty v. Commissioner, 62 F.(2d) 952 (C.C.A.6); Glaser v. Commissioner, 69 F.(2d) 254 (C.C.A.8). Compare Turner v. Commissioner, 85 F.(2d) 919 (C.C.A.3, September 24, 1936). Nor are the petitioners entitled to the claimed deductions under section 303 (a) (3), since there is no proof that either the orphan asylum or the hospital is a charitable corporation within the statutory definition: This point also is ruled by the Porter Case.

The next question is whether the value of the decedent's New York real estate should be included in the gross estate, as defined in section 302 (a) [43 Stat. 304]. This turns on whether the real estate "is subject to the payment of the charges against his estate and the expenses of its administration." It is conceded that the real property may be sold for the payment of debts and "the reasonable expenses of administration as allowed by the surrogate" (section 234, New York Surrogate's Court Act); but the argument is advanced that, as the personalty must first be exhausted, the land is not "subject to" such charges and expenses unless the personalty is insufficient to pay them, which is not the case in Weinstein's estate. The construction contended for is without merit. A similar contention was rejected in First Trust Co. of Omaha v. Allen, 60 F.(2d) 812, 817 (C.C.A.8), and In re Marble's Estate, 64 F.(2d) 745, 747 (C.C.A. 7). The definition of section 302 (a) refers to a general classification rather than to the particular incidence of its application in a specific case. We have no doubt that "subject to" as used in the statute is the equivalent of "available for."

The final issue is whether there should be deducted from the gross estate as "expenses of administration * * * allowed by the laws of the jurisdiction" putative commissions of the petitioners as trustees of the decedent's New York real estate. In their accounting in the Surrogate's Court the executors were allowed $56,807.98 as commissions, computed upon the value of the estate exclusive of the realty, and the deduction of these commissions was allowed to the petitioners. They now seek the allowance of a further deduction on account of trustees' commissions which they say will hereafter be allowed them under section 285 of the New York Surrogate's Court Act. The respondent contends that this issue is not properly before this court, since it was not pleaded or proved before the Board (see Helvering v. Salvage, 297 U.S. 106, 109, 56 S.Ct. 375, 80 L.Ed. 511); but that in any event the petitioners cannot prevail, because trustees' commissions are not deductible from the gross estate. Such is the rule announced in article 33 of Regulations 68, promulgated under the Revenue Act of 1924. We think it is a correct construction of the statute. It seems reasonable to confine "expenses of administration" to such as are necessary to wind up administration of the estate and affect the estate as a whole. See New York Trust Co. v. Eisner, 256 U.S. 345, 350, 41 S.Ct. 506, 65 L.Ed. 963, 16 A.L.R. 660. But, even if it be assumed that trustees' commissions on New York real estate may under some circumstances be deducted from the gross estate, this record contains nothing to pre-

sent any such question for decision. Neither the pleadings before the Board, nor the petition for review, nor the stipulated facts, contain a word to show that the petitioners are trustees of the real estate, or that the real estate was devised upon trust, or the terms of the trust, if it was so devised. By the law of New York the title to real estate does not pass to executors, and the petitioners have failed to show that they are entitled to a deduction for commissions in excess of what has been allowed them.

The order of the Board is affirmed.