FRANCIS L. ROBBINS, JR., AS EXECUTOR UNDER THE LAST WILL AND TESTAMENT OF CHARLES H. ALLEN, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 87297. Promulgated March 21, 1939.

*Hamilton Hadley, Esq.,* and *Henry L. Steitz, Esq.,* for the petitioner.
*Harold F. Noneman, Esq.,* for the respondent.

OPINION.

LEECH: The only question submitted is whether the petitioner, as executor of the will of Charles H. Allen, deceased, is entitled to have any amount deducted from the gross estate in determining the net estate for purposes of taxation, because of the provisions of the testator's will in reference to Amherst College.

Section 303 (a) (3) of the Revenue Act of 1926 is applicable.[1]

The following expression of the Board in *Mississippi Valley Trust Co. et al., Executors*, 28 B. T. A. 387; affd., 72 Fed. (2d) 197; certiorari denied, 293 U. S. 604; rehearing denied, 293 U. S. 631, applies here:

> The so-called estate tax, by virtue of which this disputed deficiency arises, is not a succession tax, but an excise on the transfer of the decedent's estate *at his death*. The rights of the parties hereto are determined entirely by the will of decedent. They accrued finally when the will became effective, the date decedent died, December 18, 1929. *Knowlton* v. *Moore, supra; Y. M. C. A.* v. *Davis*, 247 U. S. 47; *New York Trust Co.* v. *Eisner*, 256 U. S. 345; *Ithaca Trust Co.* v. *United States*, 279 U. S. 151; *Edwards* v. *Slocum*, 264 U. S. 61. * * *

In that case the Board observed further that the tax was "on the transfer *from* decedent of rights extinguished by his death. It is imposed at death and *before* the beneficiary receives the gift." The tax is measured by the net value of the decedent's estate at death

---

[1] SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

* * * * * * *

(3) The amount of all bequests, legacies, devises, or transfers, to or for the use of the United States, any State, Territory, any political subdivision thereof, or the District of Columbia, for exclusively public purposes, or to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual, or to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals. The amount of the deduction under this paragraph for any transfer shall not exceed the value of the transferred property required to be included in the gross estate * * *.

when the transfer occurs. So, bequests to charity, to be deductible here, and their value, must be reasonably certain at the time of the testator's death. *Humes* v. *United States*, 276 U. S. 487. The Supreme Court has simply and clearly defined the approach to the determination of the existence of that certainty in *Y. M. C. A.* v. *Davis*, 264 U. S. 47, in these words:

> Congress was thus looking at the subject from the standpoint of the testator and not from the immediate point of view of the beneficiaries. It was intending to favor gifts for altruistic objects, not by specific exemption of those gifts, but by encouraging the testator to make such gifts. Congress was in reality dealing with the testator before his death. It said to him:
>
> "If you will make such gifts, we will reduce your death duties and measure them, not by your whole estate, but by that amount, less what you give."

Clearly, under the terms of the will here, as it existed at the death of the testator, the amount which could be appointed to Amherst College, after the intervening life estate of Bertha Allen Logan, the daughter of the testator, was any sum between one cent and $250,000. Obviously, therefore, at the death of the decedent, there existed no such certainty as the law requires as to the basis for and therefore the computation of the present value of any bequest to Amherst College. *Ithaca Trust Co.* v. *United States*, 279 U. S. 151; *United States* v. *Provident Trust Co.*, 291 U. S. 272; *Mississippi Valley Trust Co. et al., Executors, supra.* However, petitioner argues that the agreement, including the modification of the will and the renunciation of the power of appointment to Amherst College, which was approved by the proper Probate Court at the time the will was probated, under a decree of that court directing that "said instrument [will] so presented for probate be proved and allowed as the last will of said deceased, that letters testamentary be issued to said petitioners, * * * and that they be directed to administer the estate of said deceased in accordance with the terms of said will and said agreement of compromise", supplies the certainty of basis for the computation of the value of the provision for Amherst College and is effective for present purposes as a part of the will of the testator as of his death. We disagree.

It may here be observed that the decree of probate did not purport to effect a merger of the will and the agreement of compromise into one testamentary document. The compromise retained its status as an act of the heirs, so that by no fiction of law can it be said that the testator made a definite and certain bequest to Amherst. The decree only validated the will as originally written and only directed petitioners in the administration of the estate to follow both the will and the compromise agreement. The right to the contested deduction depends alone upon what the testator did. *Y. M. C. A.* v. *Davis, supra.*

But, in any event, the validity of petitioner's position is a question of Federal and not local law. *Lyeth* v. *Hoey*, 305 U. S. 188. In that case the Supreme Court held that where an heir acquired property in excess of that to which he was entitled under a contested will, by virtue of a compromise agreement, such property was acquired "by inheritance" under the Federal statute controlling. The Court held that petitioner took "as in case of intestacy." The conclusion there was that:

\* \* \* Whether he would receive any property in that capacity depended upon the validity of his ancestor's will and the extent to which it would dispose of his ancestor's estate. When, by compromise and the decree enforcing it, that disposition was limited, what he got from the estate came from him because he was heir, the compromise serving to remove *pro tanto* the impediment to his inheritance. \* \* \*

But Amherst College was not an heir of the testator here. It was not a legatee, certainly, unless the contested will was valid. And then only to the extent provided in the will. Thus, anything it derived in the premises could not have been as in intestacy. Nor did it thus acquire anything in excess of the right to the discretionary minimum of one cent, as provided in the will. By virtue of that contested will, as a legatee, Amherst College took such excess, upon which alone the basis for any deduction here rests, solely by virtue of the compromise agreement, and that agreement occurred subsequent to the effective date of the will, the date of the testator's death.

Although no formal renunciation of the power of appointment to Amherst College was executed by Bertha Allen Logan, the agreement which she signed and which was attached to the will when probated contained a surrender and renunciation of that power.

In the case of *Davison* v. *Commissioner*, 81 Fed. (2d) 16, affirming 31 B. T. A. 101, the facts were somewhat similar except that in the *Davison* case the renunciation of the power of appointment occurred six years after the death of the testator and the probate of his will. In that case the Circuit Court affirmed the Board in its holding that such renunciation did not remove the uncertainty existing at the testator's death. It is true the court there commented on the length of time during which the power of appointment remained "*in vacuo*." However, we think, the basic premise of the result the Circuit Court reached in that case controls the disposition of this question here. The court there said:

It is hard to see how the executor of the will of Mr. Eldridge is in any better position to claim that the corpus of the trust, which had been bequeathed to the charitable corporations, should be deducted in order to ascertain the net taxable estate than he would be if Mrs. Eldridge had died shortly after her husband [the testator] without exercising the power of appointment given her by his will. In the latter case it can hardly be supposed that a deduction would have been

allowable, otherwise the practice of determining the value of the remainders as of the date of the testator's death by the use of mortality tables, rather than by eventualities, would be erroneous. * * *

See *Ithaca Trust Co.* v. *United States, supra.*

In our opinion, no such certainty of basis for the computation of the value of a charitable bequest to Amherst College, necessary to support the deduction of such bequest, existed here. *Davison* v. *Commissioner, supra.*

None of the authorities cited by the petitioner seem to us to contradict this conclusion. In *Smith* v. *Commissioner*, 78 Fed. (2d) 897, the court held that the decedent's net taxable estate should be determined by giving effect to a compromise agreement which made gifts to charities for which the original will did not provide. In so doing the court expressly followed a state statute, a procedure which has been disapproved by *Lyeth* v. *Hoey, supra.* Furthermore, to follow local law would not benefit petitioner here, for in Massachusetts it has been held that an estate tax applies according to the disposition made in the original will and not to the will as modified by the compromise. *Baxter* v. *Stevens*, 209 Mass. 459; 95 N. E. 854. *Humphrey* v. *Millard*, 79 Fed. (2d) 107, and *Dimock* v. *Corwin*, 99 Fed. (2d) 799, were both cases in which there was no uncertainty in the will itself as to the charitable bequests. These bequests were neither void nor uncertain. They were voidable, in part, only because in excess of the proportionate part of estates allowed to be given to charity by local mortmain statutes. Waivers of the right to object executed by the heirs between the date of death and the date of probate merely allowed the property to pass by the original terms of the will, instead of seeking to alter the will or to render it certain, as in the present case. See *Lyeth* v. *Hoey, supra.*

Our opinion that no deduction for any gift to Amherst College is permissible, is strengthened by another circumstance. Assuming, as petitioner contends, that the compromise agreement, including the renunciation of the power of appointment, is a part of the testator's will for present purposes, it is not established that there would even be a sufficiently certain basis for the computation of the value of the gift for Amherst College to warrant its deduction for estate tax purposes.

The compromise agreement provides that Amherst, at the expiration of the lives of the two beneficiaries of the income of a trust, shall take one-third of the *then* "fair market value of the principal of the trust fund", or $250,000, "whichever sum is the lesser."

One of these income beneficiaries was 62 and the other 59 years of age when the testator died. The only indication in the record of the net value of the estate is furnished by the statement attached to the

deficiency notice which fixes the net taxable estate at about $1,000,000. The will, as modified by the agreement of compromise, makes specific bequests aggregating in excess of $400,000. Certainly there is no proof in the record that the value of the property which Amherst will receive at the termination of the lives of the two income beneficiaries will not be less, much less, than $250,000. That uncertainty makes impossible the use of any basis upon which the value of the gift to Amherst College could be computed as of the death of the testator, and so prevents the deduction here of any amount as a gift to Amherst. *St. Louis Union Trust Co. et al., Executors*, 21 B. T. A. 1201; affd., on this point, 59 Fed. (2d) 922.

Reviewed by the Board.

*Decision will be entered under Rule 50.*