**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York.

April 11, 1978.

U. S. Dept. of Justice, Antitrust Div., Washington D.C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

## MEMORANDUM

EDELSTEIN, Chief Judge.

International Business Machines Corporation [hereinafter IBM], defendant in this civil antitrust case, has moved this court for an order granting a mistrial or, in the alternative, a continuance of the trial in the above-captioned matter.

IBM's argument in support of its motion can be concisely set forth in syllogistic form. First, IBM argues that a last minute shift in an antitrust plaintiff's claim of market definition denies defendant fundamental requirements of fairness which are of the essence of due process. Second, IBM argues that the government, plaintiff in this action, virtually at the end of its direct case, radically changed its claim of market definition. IBM concludes that it has been denied the fundamental requirements of fairness and therefore the court must declare a mistrial.[1] With deference to Mr. Justice Holmes, the court believes that the description of IBM's motion syllogistically allows for an immediate and easy explanation of why this motion is totally without merit and must be denied.[2]

IBM's minor premise is absolutely false. IBM's premises, therefore, do not support its conclusion. IBM relies in its argument that the government has shifted its market definition claim entirely on the testimony given at trial by a government witness, Dr. Alan K. McAdams. IBM states that earlier witnesses testified in ways IBM deems inconsistent with the government's market

---

1. IBM's motion, in the alternative, seeks a continuance but contends that a mistrial is the only practical remedy in this instance. Affidavit of Thomas D. Barr in Support of the Instant Motion, dated December 20, 1977, at ¶ 10.

2. Mr. Justice Holmes stated in *New York Trust Co. v. Eisner*, 256 U.S. 345, 349, 41 S.Ct. 506, 507, 65 L.Ed. 963 (1921), "Upon this point a page of history is worth a volume of logic." IBM submitted a 66 page memorandum in support of the instant motion consisting fundamentally of a selected history of Dr. McAdams' testimony and the pleadings in this case. On the issues raised by this motion, a page of logic would indeed have been more valuable.

definition claim. IBM's only explanation of why Dr. McAdams' testimony justifies a motion for mistrial appears in a footnote on page 2 of its memorandum in support of the instant motion. The footnote in its entirety states,

> Earlier witnesses, most immediately Mr. Withington, have testified in ways we deem to be inconsistent with plaintiff's market definition. We take it, however, that since Dr. McAdams is not only a witness, but an active member of the trial staff, that he speaks for the Government.

Each of IBM's arguments in support of this motion is falsely premised on IBM "taking it" that Dr. McAdams "speaks for the government."

Dr. McAdams' testimony was evidence at trial and could not change the government's legal pleadings against which all evidence will be considered and evaluated. The court does not determine that Dr. Mc-Adams' testimony[3] was inconsistent with the government's market definition claim, but assuming *arguendo* that IBM correctly discerned inconsistencies, IBM's motion remains totally without merit. The government correctly states,

> Even had Dr. McAdams' testimony, or that of any other witness for the Government been at odds with the Government's definition of the part of commerce that IBM has monopolized, whether identifying specific systems or defining the market, such conclusions still would not establish a basis for IBM's instant motion. IBM has the Government's briefs and allegations and they are consistent. IBM can attempt to prove up whatever market it will upon its case-in-chief. It has had extensive notice as to the charges it must meet. The Court can find in favor [of] the Government on market allegations, or it can find for the defendant. Most im-

portant in the instant context, we know of no rule of law that would preclude the Court from finding, on the basis of all the evidence, a market different from that alleged by either side.[4]

The government has provided repeated and explicit assurances, in response to IBM requests, that there has been no change in the government's position as to the product market which IBM is charged with monopolizing. First, government counsel stated in open court,

> I think I should make clear for the record that I do not agree that there has been any change in position or definition by my willingness to supply counsel with a statement now as to the market that the Government believes or alleges has been monopolized. I believe that the record is clear.[5]

Again in a letter to IBM counsel, government counsel stated,

> It is the government's position that no re-statement is necessary. It is clear from paragraph 2 of the government's Statement of Triable Issues, including the footnotes, that the plaintiff alleges that the defendant has monopolized the manufacture and marketing of general purpose electronic digital computer systems, i. e., those electronic digital computer systems generally included in a manufacturer's commercial product line comprised of the hardware, software, maintenance and services necessary to perform a broad range of commercial applications as the primary function of the system.
>
> This continues to be the market that the government charges is being monopolized.[6]

Despite these assurances, IBM claims that the testimony of a single witness effectuated a shift in the legal theory of the government's case. The court does not believe it is so.

---

3. This motion was submitted prior to the conclusion of Dr. McAdams' testimony. Apparently, IBM sought findings of fact based upon Dr. McAdams' incomplete testimony. Such findings would clearly have been grossly premature.

4. The Government's Response to the Instant Motion at 11.

5. Tr. at 63958–959.

6. Letter from Lewis Bernstein to David Boies, dated December 1, 1977.

IBM's motion is denied.

So ordered.