HERBERT C. GRAF, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Graf v. Commissioner
Docket No. 2286-81.
United States Tax Court
T.C. Memo 1982-317; 1982 Tax Ct. Memo LEXIS 437; 44 T.C.M. (CCH) 66; T.C.M. (RIA) 82317; June 7, 1982. *437 Held: (1) Petitioner's status as an individual does not require that he be exempt from income taxation. (2) Petitioner's status as an individual precludes him from being exempt from income taxation as a church. Herbert C. Graf, pro se. Ellen T. Friberg, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6651(a)(1) [1] (failure to file return), 6653(a) (negligence), and 6654 (estimated tax) against petitioner as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
Sec. 6654
1973
$ 2,169.58
$ 442.40
$ 108.48
$ 54.94
1974
2,744.22
686.06
137.21
87.73
1975
2,874.26
718.57
143.71
124.04
1976
3,154.06
788.52
157.70
117.76
1977
3,287.93
821.98
164.40
117.40
1978
3,957.83
989.46
197.89
126.69
1979
4,342.64
1,085.66
217.13
182.40
After concessions, [2] *438 the issue for decision is whether petitioner is exempt from tax because he is a "natural" citizen or because he is a church. This case has been submitted fully stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioner resided in Oshkosh, Wisconsin. During the years in issue, petitioner received compensation for chiropractic services. A document dated January 30, 1976, certifies that petitioner "is ordained and established as an Auxiliary Church, and is granted a Church Charter by the LIFE SCIENCE CHURCH OF BLOOMINGTON, MINNESOTA, an unincorporated Church granted a Church Charter by THE BASIC BIBLE CHURCH INC., OF MINNEAPOLIS, MINNESOTA". On March 25, 1976, petitioner filed his *439 Life Science Church credentials in the office of the Clerk of the Circuit Court for Winnebago County, Wisconsin. A document dated June 19, 1976, and entitled "By-Laws of 'The Order of Almighty God', Chapter 11004, under the direction of the Life Science Church of Bloomington, Minnesota", designates petitioner as "Head of the ORDER OF ALMIGHTY GOD Chapter 11004". A document dated November 1, 1978, certifies that petitioner "is ordained and established as a subsidiary or auxiliary Church of, and is granted a Church Charter by, THE BASIC BIBLE CHURCH OF AMERICA, Minneapolis, Minnesota". This document indicates that it is a substitute for the January 30, 1976, document. Another document dated November 1, 1978, similarly indicates that it is a substitute for the 1976 bylaws. On January 23, 1979, petitioner filed his Basic Bible Church of America credentials in the office of the Clerk of the Circuit Court for Winnebago County, Wisconsin. All of the foregoing documents (except those certifying filings with the Clerk of the Circuit Court) are signed by Jerome Daly. Petitioner maintains that, (1) as a "natural" citizen, he was not subject to Federal income tax for 1973 through 1975 and *440 (2) as a church, he was exempt from tax under section 501(c)(3) for 1976 through 1979. Respondent argues that (1) individuals are subject to income tax and (2) an individual cannot be exempt under section 501(c)(3). We agree with respondent. In Flint v. Stone Tracy Co.,220 U.S. 107 (1911), the Supreme Court upheld the 1909 tax on corporations' incomes, by holding it to be an excise tax--an indirect tax that did not have to be apportioned, even under the Pollock v. Farmers' Loan & Trust Co. (157 U.S., 429, 158 U.S. 601 (1895)) view of the Constitution. [3] The Sixteenth Amendment to the Constitution[4] overruled Pollock, permitted income taxes to be imposed qua income taxes (i.e., not as excise taxes) without apportionment, and thereby eliminated the apparent constitutional hurdle that had made it difficult for the Congress to impose an income tax on individuals. Ratification was completed on February 13, 1913, and later the same year there was enacted the predecessor of our present Internal Revenue Code, which has throughout its history imposed income taxes on both individuals and corporations. See New York Trust Co. v. Eisner,256 U.S. 345, 349 (1921) ("Upon this point a page *441 of history is worth a volume of logic."). The constitutionality of the Congress' power (and its exercise of this power) to impose income taxes on individuals is well-established. E.g., James v. United States,366 U.S. 213 (1961) (individual taxable on embezzlement income); O'Malley v. Woodrough,307 U.S. 277 (1939) (individual taxable on judicial income notwithstanding Art. III, Sec. 1, of the Constitution); Cook v. Tait,265 U.S. 47 (1924) (individual, a United States citizen, taxable *442 on Mexico-source income even though he resides in Mexico); Lynch v. Hornby,247 U.S. 339 (1918) (individual taxable on dividend). The arguments petitioner raises as to his being exempt by statute because he is a church, have been considered and rejected in McGahen v. Commissioner,76 T.C. 468 (1981), on appeal (CA3 Aug. 24, 1981), [5] and we see no need to reconsider them. See also United States v. Lee, 455 U.S.     ( Feb. 23, 1982, 49 AFTR 2d 82-802, 82-1 USTC par. 9205); Chapman v. Commissioner,48 T.C. 358, 367-368 (1967), (Tannenwald, J., concurring). We conclude that there is no foundation to petitioner's constitutional and statutory arguments regarding his asserted exemption from income taxation. We hold for respondent. Because the parties have not yet calculated the amount of the addition to tax under section 6654 (n. 2, supra), Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue.↩
2. By stipulation, the parties have agreed as to the deficiencies and additions to tax (roughly 45 percent of the amounts determined by respondent), for which petitioner would be liable if we were to decide the exemption issue for respondent. The parties have agreed as to liabilities and amounts in the case of the deficiencies and the additions to tax under sections 6651(a)(1) and 6653(a). In the case of the addition to tax under section 6654, the parties have agreed as to liability and they have abreed to determine the amount for any year on the assumption that the income for the year was received ratably throughout the year.
3. The Pollock opinions concluded that taxes on incomes from professions, trades, employments, or vocations were excise taxes not subject to the apportionment requirement. (157 U.S. at 579, 158 U.S. at 635.) It may be, then, that a tax imposed on petitioner's income from his chiropractic practice would pass constitutional muster even under Pollock. We point this out, not to base our conclusion on this analysis, but merely to show that not even the Pollock↩ opinions support petitioner's constitutional argument. 4. The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.↩
5. In McGahen,↩ too, the taxpayer is an individual who claims to be a chapter of the Basic Bible Church, ordained by Jerome Daly.