RONEY, Senior Circuit Judge:
This case involves a challenge to the constitutionality of a city policy banning tables from city sidewalks. On two occasions, plaintiffs, The International Caucus of Labor Committees and three of its members, were distributing literature from a card table placed on the sidewalk when police told them to leave or submit to arrest. The district court found that The International Caucus is an organization devoted to altering the contemporary political landscape. It distributes literature and recruits new members in several ways. One of its preferred ways is to place tables in public areas in an effort to attract people to take its literature from these tables. Plaintiffs wrote a letter to the City explaining their desire to promote their views “by setting up literature tables at public sites.” The City’s responsive letter banned tables from city sidewalks. The letter stated in relevant part:
Your actions do not violate the laws of this city unless you impede the orderly flow of traffic in the streets and at the street corners.
Your organization will not be allowed to set up tables or booths on the sidewalks of this city. These tables or booths would create a partial blockage of pedestrian traffic and therefore will not be allowed on the sidewalks. Your organization may set up tables or booths on private property where you have the permission of the property owner.
The City maintains that its policy is a complete ban of any tables on all sidewalks.
Plaintiffs sued the City of Montgomery, its police department and police chief, seeking a declaration that the City’s policy violated plaintiffs’ First Amendment right of free speech and to enjoin the City from denying plaintiffs the right to distribute political literature from tables placed on the sidewalks.
The district court, in a carefully constructed opinion, entered a declaratory decree that the City’s ban excessively and unnecessarily infringes on the plaintiffs’ rights guaranteed by the First Amendment. The court initially held that the placement of tables on city sidewalks is subject to First Amendment scrutiny and is therefore subject to the time, place and manner test set out in Ward v. Rock Against Racism, 491 U.S. 781, 791, 109 S.Ct. 2746, 2753-54, 105 L.Ed.2d 661 (1989). The court then held first, the City’s ban on tables is content neutral; second, it is inappropriate to conclude on this record that the City’s interests are significant ones; third, even if the City’s interests are viewed as significant, the regulation is not narrowly tailored to serve those interests; and fourth, since the ban fails the narrow tailoring requirement, the court need not decide whether the ban leaves ample alternative means of *1277 communication open. The court denied an injunction with confidence that the defendants would abide the declaration that the ban is unconstitutional.
We reverse on the ground that a ban against tables on sidewalks does not implicate the First Amendment, and therefore we do not review the correctness of the district court’s time, place and manner decision.
Preliminarily, there was some question as to whether the issue was properly before the Court. Some consideration has been given by the panel and in the supplemental briefing and reargument to the fact that the policy here challenged is in the form of a letter from the City Attorney, rather than being incorporated in a duly adopted city ordinance. The parties agree, however, that the policy of banning all tables from city sidewalks is the fixed policy of the City which will be enforced by the police, the transgression of which would lead to trouble for the plaintiffs. The parties are entitled to a decision on the constitutionality of such a policy. This Court has previously considered the constitutionality of an “unwritten” scheme for regulating newsracks in interstate areas. Sentinel Communications Co. v. Watts, 936 F.2d 1189 (11th Cir.1991).
The cases clearly hold that the distribution of literature is a type of speech protected by the First Amendment. United States v. Grace, 461 U.S. 171, 103 S.Ct. 1702, 75 L.Ed.2d 736 (1983); Schneider v. State, 308 U.S. 147, 162, 60 S.Ct. 146, 151, 84 L.Ed. 155 (1939); Lovell v. Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949 (1938). The Supreme Court has repeatedly held that public streets and sidewalks are traditional public fora. Frisby v. Schultz, 487 U.S. 474, 480, 108 S.Ct. 2495, 2500, 101 L.Ed.2d 420 (1988); Boos v. Barry, 485 U.S. 312, 318, 108 S.Ct. 1157, 1162, 99 L.Ed.2d 333 (1988); Perry Education Assn. v. Perry Local Educators’ Assn., 460 U.S. 37, 44, 103 S.Ct. 948, 954, 74 L.Ed.2d 794 (1983).
There is little authority, however, to guide a decision as to whether the use of a portable table on a public sidewalk is constitutionally protected by the First Amendment. The Supreme Court apparently has never addressed that issue. Only the Seventh Circuit has directly held that the erection of a table is not constitutionally protected free speech. “Subsection E (of the Regulation) prohibits the erection of a table, chair or other structure in areas other than leased space____ Because this section does not facially restrict the exercise of guaranteed rights, we do not find it is constitutionally impermissible.” International Society for Krishna Consciousness v. Rockford, 585 F.2d 263, 270 (7th Cir.1978). In a ease involving an almost identical regulation where “the plaintiffs alleged only that they have been prohibited from setting up tables,” the same court declined to “overrule Rockford on this point.” International Caucus of Labor Comms. v. City of Chicago, 816 F.2d 337, 339 (7th Cir.1987). This authority is somewhat tainted by the failure of the plaintiff in Krishna to challenge that section of the regulation. But after later approval, that is clearly the law in the Seventh Circuit.
No other circuits appear to have dealt with the point. Several district courts have struggled with the issue, as did the district court in this case. Two cases in the Southern District of Florida go opposite ways. In International Caucus of Labor Comms. v. Metropolitan Dade County, Fla., 724 F.Supp. 917, 920 (S.D.Fla.1989), Judge Zloch followed the Seventh Circuit eases in holding “that the use of tables is not expressive conduct protected by the First Amendment.” He contrasted this with the use of signs which were held to be classified as expressive conduct protected by the First Amendment. In a later case which did not refer to that decision, Judge King, torn between the decision involving newsstands in Graff v. Chicago, 9 F.3d 1309, 1314 (7th Cir.1993) (“no person has a constitutional right to erect or maintain a structure on the public way.”), cert. denied, — U.S. -, 114 S.Ct. 1837, 128 L.Ed.2d 464 (1994), and the newsracks decision by this Court in Sentinel Communications Co. v. Watts, 936 F.2d 1189, 1196 (11th Cir.1991) (“there is ‘no doubt’ that the right to distribute and circulate newspapers through the use of newsracks is protected by the first amendment.”), decided that portable *1278 tables for selling T-shirts carrying protected speech message “more closely resemble the newsracks in the Sentinel ease” and fell within the constitutional protection of expressive conduct. One World One Family Now v. City of Key West, 852 F.Supp. 1005 (S.D.Fla.1994).
In Nevada, the district court followed Judge King’s decision in holding that a portable table “facilitates” the freedom to distribute literature, distinguishing chairs, umbrellas, and boxes which are not entitled to First Amendment protection. One World One Family Now Inc. v. State of Nev., 860 F.Supp. 1457, 1463 (D.Nev.1994).
The district court in this case focused on the multitude of newsrack cases to conclude that the table facilitates distribution of information. International Caucus of Labor Comms. v. City of Montgomery, 856 F.Supp. 1552 (M.D.Ala.1994). It cast off Judge Zloch’s decision and the Seventh Circuit decision as not reconcilable with longstanding First Amendment principles. The court thus held that the use of tables on a public sidewalk to distribute literature warrants consideration under the First Amendment. After finding that the complete ban was content neutral, the district court put the burden on the City to identify the interest of the City being served by the ban and to show that the ban was narrowly tailored to meet that interest. No consideration was given to any concern like that expressed by the judge who dissented from the dismissal of the complaint in the Seventh Circuit’s International Caucus case, a concern which reflected a reasonableness standard as being appropriate: “Given the hundreds or thousands of organizations or individuals who might want to set up a table at O’Hare, a prohibition against this kind of action seems not at all unreasonable.” International Caucus of Labor Comms. v. City of Chicago, 816 F.2d 337, 341 (7th Cir.1987).
In any event, with the lack of compelling authority or reasoning to the contrary, we follow the lead of the Seventh Circuit and hold that the prohibition against placing any table on a public sidewalk, for whatever purpose, does not implicate the First Amendment. The policy of the City implementing the ban need not be subjected to the various requirements demanded when an action inflinges upon First Amendment speech.
First, in our judgment, the use of the newsrack cases as precedent for consideration of what other items or structures may be placed upon a public sidewalk is misguided. Newsracks are sui generis. They are best explained by Justice Holmes’ remark that “a page of history is worth a volume of logic.” New York Trust Co. v. Eisner, 256 U.S. 345, 349, 41 S.Ct. 506, 507, 65 L.Ed. 963 (1921). Since the replacement of newsboys, who had free reign to peddle newspapers in public places, the courts and public authorities have spent decades working out the law concerning the placement of newsracks in public places. Because of the long tradition of sale of newspapers upon public streets which underlies all of that law, it is a mistake to import wholesale reasoning of those cases into the consideration of the regulation of other devices which might occupy public sidewalks.
Second, without the newsrack cases, there is virtually no authority which would prevent a City from deciding what can be placed upon a public sidewalk and what cannot. It is public property. The City authorities are in charge of that public property.
Third, as long as the regulations do not discriminate in an unconstitutional way, remain content neutral, and do not deprive any members of the public of the use of the property for its intended purpose, the City should not have to carry the burden to defend those regulations in federal court. Thus, in a case of this kind, the burden is on the plaintiff to show why any portion of public property should be burdened for private use. Aside from its First Amendment argument, the plaintiff here has not demonstrated any fact which would indicate that it could carry that burden.
Fourth, if the erection of a card table could ever be endowed with some modest First Amendment protection, such protection should only be afforded upon the plaintiffs’ showing that use of the card table is necessary to the exercise of free speech rights. This is a threshold showing that must be *1279 made before considering whether the regulation involved is content neutral, serves a significant governmental interest, and is narrowly tailored enough to pass constitutional muster. The record in this case demonstrates nothing more than that use of a card table would be convenient, not that it is so necessary that without it the plaintiffs message would not be heard.
It should be recognized that a recurring problem with street regulation is that it allows the police to make ad hoc determinations about obstruction, interference with traffic, and nuisance factors so the City would run the risk that the regulation would be unevenly and discriminatorily applied. Precisely because of these considerations the authorities here settled on a complete ban, easy to read, easy to understand, and applicable to all. The policy under consideration here fully satisfies those concerns.
The district court erred in declaring the policy unconstitutional.
REVERSED.