Chief Justice Roberts,
with whom
Justice Scalia and Justice Ginsburg join, concurring.
I agree with the Court’s holding that “the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases *395 governed by such standards,” ante, at 394, and I join the opinion of the Court. That opinion rightly rests on the proposition that “a major departure from the long tradition of equity practice should not be lightly implied.” Weinberger v. Romero-Barcelo, 456 U. S. 305, 320 (1982); see ante, at 391.
From at least the early 19th century, courts have granted injunctive relief upon a finding of infringement in the vast majority of patent cases. This “long tradition of equity practice” is not surprising, given the difficulty of protecting a right to exclude through monetary remedies that allow an infringer to use an invention against the patentee’s wishes— a difficulty that often implicates the first two factors of the traditional four-factor test. This historical practice, as the Court holds, does not entitle a patentee to a permanent injunction or justify a general rule that such injunctions should issue. The Federal Circuit itself so recognized in Roche Products, Inc. v. Bolar Pharmaceutical Co., 733 F. 2d 858, 865-867 (1984). At the same time, there is a difference between exercising equitable discretion pursuant to the established four-factor test and writing on an entirely clean slate. “Discretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike.” Martin v. Franklin Capital Corp., 546 U. S. 132, 139 (2005). When it comes to discerning and applying those standards, in this area as others, “a page of history is worth a volume of logic.” New York Trust Co. v. Eisner, 256 U. S. 345, 349 (1921) (opinion for the Court by Holmes, J.).